## SAWYER v. UNITED STATES.
### No. 10618.

Circuit Court of Appeals, Eighth Circuit.

March 6, 1937.

Eugene D. O'Sullivan and Charles J. Southard, both of Omaha, Neb., and Lewis L. Drill and Robert V. Rensch, both of St. Paul, Minn., for appellant.

George F. Sullivan, U. S. Atty., of St. Paul, Minn. (George A. Heisey, Asst. U. S. Atty., of St. Paul, Minn., on the brief), for appellee.

Before GARDNER, THOMAS, and FARIS, Circuit Judges.

FARIS, Circuit Judge.

Appellant herein was jointly indicted with ten others, among whom was Cas-

sius McDonald, for the violation of section 408c, title 18, U.S.C. (18 U.S.C.A. § 408c). He was tried jointly with one Weaver and said McDonald, and having been convicted, has appealed in the conventional manner.

He presents his appeal here, upon the same bill of exceptions, and the same record as did said McDonald, and so the case at bar is a companion case to that of McDonald v. United States, 89 F.(2d) 128, opinion of this court wherein has this day been filed. So, the instant case differs from the McDonald Case only in the fact that the indictment charged, and the evidence adduced tended to show, that appellant herein was one of the original conspirators and had an active part in the kidnaping, transporting, and detention for ransom of said Edward George Bremer.

The errors urged and relied on for reversal in the instant case are for the major part wholly identical with those dealt with and discussed by us in the McDonald Case and so the curious may examine them therein. However, in addition to the contentions urged in the case last mentioned, appellant here contends that the court nisi erred, (a) in denying appellant's motion for a bill of particulars, and (b) that the pleader in drawing the indictment against appellant deliberately used language calculated to excite and which did excite the sympathy and passions of the jury and the trial court, and that the use of such language tended to create and did create against appellant, bias, and prejudice in the minds of the court and the triers of fact.

The motion of appellant for a bill of particulars requested that forty-two separate items of particulars be furnished to him. These items for the most part were requests for evidence and the sources thereof; for information as to the time, place, and circumstances of well-nigh every move made and act done by each of the co-indictees; for information as to the number present, the identity and occupation of those present, and the statements made and conversations had by each of the co-indictees; for the names, number, descriptions, and occupations of the persons who seized Bremer; for a description of the automobile and the names and number of alleged conspirators who transported Bremer interstate, as well as the route followed from St. Paul to Illinois; precisely where and when such conspiracy was entered into, and when and where and under what circumstances appellant became a party to it; what act or acts specifically were done by appellant personally, and when and where such acts were done, and by whom (and of what occupation is such witness), does the government purpose proving the specific acts performed by appellant in the carrying out of the conspiracy; to furnish appellant copies of all admissions against interest made by him, and the times and places of such admissions, with the names and occupations of the witnesses thereto, and whether such admissions were voluntarily made, and for copies of all statements and admissions made by others of the alleged conspirators, the time and place made, before whom made, and by what witnesses the government will attempt to prove the making of such admissions, and why did the government refer in the indictment to Bremer as the "victim," and to the place of his sequestration, as a "hide-out."

The above are merely samples, and we think they represent a fair cross-section of this unique motion, which is too voluminous for reproduction here in its entirety. Obviously, for the most part it was not possible for the government to furnish the particulars requested, and the demand for them was vain, idle, and frivolous. For example, how could the government know or prove precisely when and where and by whom the conspiracy was formed, or when, where, and by whom every given act in carrying it out was had or done? The government cannot be required by a motion for a bill of particulars to do impossible things.

In the case of Johnson v. United States (C.C.A.) 5 F.(2d) 471, 474, it was said by the court touching a motion therein for a bill of particulars, that such motion "obviously went far beyond anything to which the defendants could possibly have been entitled." The motion for such bill in the case at bar goes far beyond what seems to have been asked for in the Johnson Case, supra. The motion herein is difficult to characterize in general and legalistic language, as it seems to be a hybrid of impudence and outlandishness. It wholly loses sight of the object of a bill of particulars. Such a bill is referable to, and it must be construed in the light of the language of the indictment.

Robinson v. United States (C.C.A.) 33 F. (2d) 238. If the language of the indictment is so far definite and certain as to safeguard all of the rights of a defendant and to enable him properly to prepare his defense, a bill of particulars will not be required. Bedell v. United States (C.C.A.) 78 F.(2d) 358. The granting or the refusal of a motion for a bill of particulars is a matter that is governed by the sound judicial discretion of the trial court, and unless it shall be shown affirmatively that such discretion has been abused by the trial court a refusal to require a bill of particulars will not be disturbed by an appellate court. Peck v. United States (C.C.A.) 65 F.(2d) 59; Bedell v. United States (C.C.A.) 78 F.(2d) 358, 362; Rubio v. United States (C.C.A.) 22 F.(2d) 766; Olmstead v. United States (C.C.A.) 19 F.(2d) 842, 844, 53 A.L.R. 1472.

■■ In the last analysis, well-nigh half of the forty-two items of requested particulars were demands that the government be compelled to furnish to appellant statements of the witnesses and copies of the evidence, by which it purposed proving each of the allegations of the indictment. The obtention of evidence in the hands of an adverse party is not the function or office of a bill of particulars. Olmstead v. United States, supra; Rubio v. United States, supra. Other well-known methods of procedure to obtain copies of documentary evidence in the hands of an adversary are open to a party, and may be resorted to, in all proper situations in the course of the trial.

■ As already stated, appellant urges as error, the facts that in the indictment Bremer is referred to as the "victim" and the place of his detention in Illinois as the "hide-out." A short answer to this contention is that so far as the record shows, the trial panel of jurors never saw the indictment, nor did they or any of their number ever read it or hear it read. Both in argument, and in the brief of the appellee, it was and is said that the indictment's language never came before the trial jury. And of this assertion, no question of its truth by appellant has been made up to the present. Hardly could appellant have been hurt in his defense, or prejudiced in the minds of the trial jury by something of which they remained wholly ignorant throughout the trial. The practice of reading to the jury

an indictment in a mail-fraud conspiracy case, in which the persons defrauded, or intended so to be, are referred to as victims, has been criticized, but yet held not to be reversible error. See Stern v. United States (C.C.A.) 85 F.(2d) 394. A situation somewhat analogous in principle will be found in the case of Laska v. United States (C.C.A.) 82 F.(2d) 672, 679, where the contention, if it had merit, was met and answered by the charge of the trial court. Being of the opinion that what has already been said by us disposes of the contention made by appellant, we reserve consideration of the merits of it, if any, till we shall in some other case meet it face to face.

In the light of the case of Galatas v. United States (C.C.A.) 80 F.(2d) 15, 16, and many others, the evidence conclusively proved the guilt of appellant, and finding no error to warrant reversal, we order that the case be affirmed.