UNITED STATES of America,
Plaintiff,

v.

Aloe Eddie SMITH, Defendant.

Crim. A. No. 18967.

United States District Court
W. D. Missouri, W. D.

Oct. 30, 1954.

Edward L. Scheuffler, U. S. Dist. Atty., and Paul R. Shy, Asst. U. S. Dist. Atty., Kansas City, Mo., for plaintiff.

John Fallon, of Stinson, Mag, Thomson, McEvers & Fizzell, Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

On September 3, 1954, defendant, in open court, waived indictment by grand jury and consented to prosecution by information, and, thereupon, the District Attorney filed an information in two counts, the first count charging that the defendant, on August 29, 1954, at Kansas City, Missouri, in this district, did unlawfully, willfully and feloniously sell and transfer a narcotic drug, to-wit, seven grains, more or less, of heroin hydrochloride, the same not then and there being sold in pursuance of a written order of the person to whom sold, and not sold on a form issued in blank for that purpose by the Secretary of the Treasury, in violation of Section 2554(a), Title 26, U.S.C., and the second count charging that defendant, on August 30, 1954, at Kansas City, Missouri, in this district, did unlawfully, willfully and feloniously transfer one marijuana cigarette, the same not then and there being transferred in pursuance of a written order of the person to whom transferred and not on a form issued in blank for that purpose by the Secretary of the Treasury, in violation of Section 2591 (a), Title 26, U.S.C. To each of which counts the defendant then and there entered a plea of not guilty, and, upon request of his counsel, defendant was, by order of the court, given through October 14, 1954, within which to file motions directed to said information or for a bill of particulars.

Thereafter, on October 14, 1954, defendant filed herein, pursuant to Rule 7(f) of Federal Rules of Criminal Procedure, 18 U.S.C.A., his motion for a bill of particulars directed to both counts of the information, and that is the matter now before me for decision.

In this motion, defendant says that the information is so vague and indefinite that he is unable to prepare his defense, and that surprise and gross injustice and denial of his right to a fair trial will result unless a bill of particulars is required and filed stating:

In Respect of Count I, (1) whether the government is relying exclusively on the provisions of Title 26, Section 2554(a), U.S.C. as the law violated by defendant, and, if the government relies on any other statute, to state what other statute it relies on, (2) the time of day when, and the exact place where, the government claims defendant sold a narcotic drug in Kansas City on August 29, 1954, (3) the name of the person. or persons to whom it is claimed defendant sold and transferred the narcotic drug, (4) whether such person or persons were, at the time of the alleged sale and transfer, directly or indirectly in the employ of the

government, (5) whether such person or persons were acting at the instance of the government at the time of the alleged sale and transfer, (6) whether any consideration was given, received or exchanged for the narcotic drug, and, if so, what consideration, and (7) the names and addresses of the witnesses the government intends to produce and use at the trial;

In Respect of Count II, (1) whether the government is relying exclusively on the provisions of Section 2591(a), Title 26, U.S.C. as the law claimed to have been violated by defendant, and, if the government relies on any other statute, to state what other statute it relies on, (2) the time of day when, and the exact place where, it is claimed defendant unlawfully transferred one marijuana cigarette in Kansas City, on August 30, 1954, (3) the name of the person or persons to whom the one marijuana cigarette was "transferred", (4) whether such person or persons (to whom said marijuana cigarette was allegedly transferred) are, or were at the time, directly or indirectly employed by the government, (5) whether such person or persons (to whom said marijuana cigarette was allegedly transferred) did or did not first transfer the same to defendant, (6) whether such person or persons were acting at the instance of the United States or its agents at the time of the alleged transfer, (7) whether any consideration was given, received or exchanged for said marijuana cigarette, and, if so, what consideration, and (8) the names and addresses of the witnesses the government intends to produce and use at the trial of the case.

The government argues that the information is drawn in the simple form suggested in the Rules of Criminal Procedure, and, therefore, should be held sufficient; that the government should not be required to plead either its theory or its evidence, or to set forth matters already within defendant's knowledge; that what defendant seeks is not "a more specific statement of detail suf-ficient to advise him of what facts he will be required to meet", but, rather, that the government "furnish him in advance with all its evidence and thus to unduly limit the government in the scope and presentation of its proof"; that the government has advised defendant's counsel of its willingness to, informally, "reveal certain evidence contained in the file and investigative report of the Bureau of Narcotics", yet it opposes "revealing evidentiary matter *already within the knowledge of defendant and counsel* in a bill of particulars and thereby be limited and bound in the presentation of proof." [Emphasis supplied.]

Defendant, on the other hand, contends that the issue, upon a motion for a bill of particulars under Rule 7(f), is not whether the information conforms to the simple form suggested in the rules, and would, thus, withstand a motion to quash or a demurrer (for that would be to ignore the office of a bill of particulars), but, rather, the question is whether, when met by a motion for a bill of particulars under Rule 7(f), the government should distinctly and specifically advise the defendant of the essential details of the charge against him, so as to enable him to prepare to meet those charges and to prevent surprise, and that the only means for acquiring such information is through a motion for a bill of particulars, and that, in a case like this, the defendant may demand this as a matter of right; that unless defendant is "assumed to be guilty", which cannot be done, it is no answer to say that the essential information is "already within the knowledge of defendant."

 Certainly the fact that an indictment or information conforms to the simple form suggested in the rules is no answer or defense to a motion for a bill of particulars under Rule 7(f). Rule 7(f) necessarily presupposes an indictment or information good against a motion to quash or a demurrer. Its proper office "is to furnish to the defendant *further information* respecting the charge

stated in the indictment when necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial", and when necessary for those purposes, is to be granted even though it requires "the furnishing of information which in other circumstances would not be required because evidentiary in nature", and an accused is entitled to this "as of right". U. S. v. U. S. Gypsum, D. C., 37 F.Supp. 398, 402. To the same effect are Singer v. U. S., 3 Cir., 58 F.2d 74, U. S. v. Allied Chemical & Dye Corp., D. C., 42 F.Supp. 425, 428; Fontana v. U. S., 8 Cir., 262 F. 283. It seems quite clear that "where charges of an indictment are so general that they do not sufficiently advise defendant of the specific acts with which he is charged, a bill of particulars should be ordered." Cases cited and U. S. v. Grossman, D.C., 55 F.2d 408; Chew v. U. S., 8 Cir., 9 F.2d 348, 353.

This must necessarily be true when we realize that there is no discovery means in criminal cases, such as provided by the civil rules for civil cases, and that the only means open to a defendant, in a criminal case, for the securing of the details of the charge against him is that afforded by Rule 7(f) of the Federal Rules of Criminal Procedure. "'Bills of particulars have grown from very small and technical beginnings into most important instruments of justice. * * * While they are not intended to advise a party of his adversary's evidence or theory, they will be required, even if that is the effect, in cases where justice necessitates it.'" U. S. v. Balaban, D. C., 26 F.Supp. 491, 499.

█ Nor is it any answer to a motion for a bill of particulars for the government to say: "The defendant knows what he did, and, therefore, has all the information necessary." This argument could be valid only if the defendant be *presumed to be guilty.* For only if he is presumed guilty could he know the facts and details of the crime. Instead of being presumed guilty, he is presumed to be innocent. Being presumed to be in-

nocent, it must be assumed "that he is ignorant of the facts on which the pleader founds his charges". Fontana v. U. S., 8 Cir., 262 F. 283, 286; U. S. v. Allied Chemical & Dye Corp., D.C., 42 F.Supp. 425. This conclusion seems to me to be elementary, fundamental and inescapable.

Without definite specification of the time and place of commission of the overt acts complained of, and of the identity of the person or persons dealt with, there may well be difficulty in preparing to meet the general charges of the information, and some danger of surprise. I, therefore, believe that the defendant is entitled to some, but not all, of the information which his motion requests.

█ I believe that the defendant is entitled to the information which he requests in numbered paragraphs 2, 3, 4 and 5 directed to Count I of the information, and that he is entitled to the information he requests in numbered paragraphs 2, 3, 4, 5 and 6 directed to Count II of the information.

█ I do not believe he is entitled to the information requested in numbered paragraph 1 of the motion directed to Count I, nor to the information in numbered paragraph 1 directed to Count II, of the information, for the reason that I do not believe the government should be required to specify, any more definitely than it has done, the precise statute which it claims defendant's acts violated. Defendant is entitled to the facts, but not, I believe, to confine the government to any particular statute, as there are several applicable statutes under which it is possible for the facts, if established upon the trial, to constitute a crime.

█ Neither do I believe the defendant is entitled to the information requested in numbered paragraphs 6 and 7 of his motion directed to Count I, nor to the information requested in numbered paragraphs 7 and 8 of his motion directed to Count II, of the information, because, as respects numbered paragraph 6 directed to Count I, and numbered paragraph 7 directed to Count II, it is im-

material whether any consideration was given, received or exchanged, and because, as respects numbered paragraph 7 directed to Count I, and numbered paragraph 8 directed to Count II, of the information, the government (having given the facts respecting the offenses, and the name of the person with whom the defendant is alleged to have dealt) should not be required to state the names and addresses of the witnesses it proposes to use upon the trial.

It is so ordered.