**UNITED STATES of America**

v.

**George WILSON, Frank Bayles, Norman Becknell, Anthony Gregory and Billy Terrell, Defendants.**

United States District Court
S. D. New York.
July 26, 1957.

Paul W. Williams, U. S. Atty. for the S. D. New York, New York City, for the United States, John C. Lankenau, Asst. U. S. Atty., New York City, of counsel.

Henry K. Chapman and Irving Rader, New York City, for defendant Anthony Gregory.

DIMOCK, District Judge.

Defendant Anthony Gregory moves for a bill of particulars. It is charged in the third count of the indictment that, on or about the 1st day of June, 1957, he "unlawfully, wilfully and knowingly did receive, possess, conceal and facilitate the transportation and concealment" of approximately 393 grains of heroin. Sections 173 and 174 of Title 21, United States Code, are cited.* It is charged in

---

* "§ *173. Importation of narcotic drugs prohibited; exceptions; crude opium for manufacture of heroin; forfeitures.* It is unlawful to import or bring any narcotic drug into the United States or any territory under its control or jurisdiction; except that such amounts of crude opium and coca leaves as the board finds to be necessary to provide for medical and legitimate uses only, may

the fourth count that, on or about the 1st day of January, 1957, and continuously thereafter, all of defendants conspired with Mary Carnes and with others to the grand jury unknown to violate Sections 173 and 174 of Title 21, United States Code and that it was part of the conspiracy that the said defendants "would receive, conceal, sell and facilitate the transportation, concealment and sale of a quantity of narcotic drugs."

The particulars asked are the following:

1. The approximate place in the Southern District of New York, designating same by street and number, if possible, where the defendant, Anthony Gregory, is alleged to have received, possessed, concealed and facilitated the transportation and concealment of the narcotic drug, to wit: 393 grains of heroin as alleged in the Third Count of the indictment.

2. If a government informer or special employee participated in setting up the crime alleged in the Third and Fourth Counts of the indictment, to wit: the receipt, possession, concealment, facilitation of transportation and concealment of the narcotic drug and conspiracy so to do, give the name and address of the said informer and the date and place when he was a participant in setting up the said crime.

■ The case of United States v. Smith, D.C.W.D.Mo.M.D., 16 F.R.D. 372, decided by Judge (now Mr. Justice) Whittaker, is closely in point. There the indictment charged in the first count that the defendant, on August 29, 1954, at Kansas City, Missouri, did unlawfully, wilfully and feloniously sell and transfer a narcotic drug, and, in the second count, that he, on August 20, 1954, did unlaw-

---

be imported and brought into the United States or such territory under such regulations as the board shall prescribe, but no crude opium may be imported or brought in for the purpose of manufacturing heroin. All narcotic drugs imported under such regulations shall be subject to the duties which are now or may hereafter be imposed upon such drugs when imported.

"Any narcotic drug imported or brought into the United States or any territory under its control or jurisdiction, contrary to law, shall (1) if smoking opium or opium prepared for smoking, be seized and summarily forfeited to the United States Government without the necessity of instituting forfeiture proceedings of any character; or (2), if any other narcotic drug, be seized and forfeited to the United States Government, without regard to its value, in the manner provided by sections 514 and 515 of Title 19, or the provisions of law hereafter enacted which are amendatory of, or in substitution for, such sections. Any narcotic drug which is forfeited in a proceeding for condemnation or not claimed under such sections, or which is summarily forfeited as provided in this subdivision, shall be placed in the custody of the

board and in its discretion be destroyed or delivered to some agency of the United States Government for use for medical or scientific purposes.

"§ 174. Same; penalty; evidence. Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense (as determined under section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,-000.

"Whenever on trial for a violation of this subsection the defendant is shown to have or to have had possession of the

fully, wilfully and feloniously transfer one marijuana cigarette. The court required the Government to furnish a bill of particulars stating as to the first count (a) the time of day when, and the exact place where, the government claims defendant sold a narcotic drug in Kansas City on August 29, 1954, (b) the name of the person or persons to whom it is claimed defendant sold and transferred the narcotic drug, (c) whether such person or persons were, at the time of the alleged sale and transfer, directly or indirectly in the employ of the government, and (d) whether such person or persons were acting at the instance of the government at the time of the alleged sale and transfer, and as to the second count (a) the time of day when, and the exact place where, it is claimed defendant unlawfully transferred one marijuana cigarette in Kansas City, on August 30, 1954, (b) the name of the person or persons to whom the one marijuana cigarette was "transferred", (c) whether such person or persons (to whom said marijuana cigarette was allegedly transferred) are, or were at the time, directly or indirectly employed by the government, (d) whether such person or persons (to whom said marijuana cigarette was allegedly transferred) did or did not first transfer the same to defendant, and (e) whether such person or persons were acting at the instance of the United States or its agents at the time of the alleged transfer.

Compared to the particulars ordered furnished in the Smith case, the request of defendant Gregory here for the place of the commission of the alleged crime would seem most modest.

The Government says, however, that to state the place where Gregory is alleged to have received, possessed, concealed and facilitated the transportation and concealment of the narcotic drug, would be to disclose a narrative of the Government's evidence, since Gregory might have received the drug in one place and possessed it, concealed it and facilitated its transportation and concealment there and in one or more other places. If that is so, it is the result of the fact that the indictment charges various acts in violation of different parts of the statute instead of a single act in violation of a single part of the statute. A prosecutor seeking the benefit of charging various acts proof of any one of which will result in conviction must accept the burdens of such a charge as well.

Defendant Gregory is thus clearly entitled to the particulars as to place asked in the first item of his notice of motion.

■ His second item is another matter. In substance he asks (a) the name of any government informer or special employee who participated in "setting up" the receipt, etc. of the drug and in setting up the conspiracy for its receipt, etc., and (b) the date and place of his participation.

Defendant asks only about a government informer or special employee who participated. That makes it difficult because of the so-called "informer's privilege". The recent case of Roviaro v. United States, 353 U.S. 53, at page 65, 77 S.Ct. 623, at page 630, 1 L.Ed.2d 639, indicates in a footnote, that, despite the informer's privilege, a court should require a bill of particulars as to the identity and address of one who was a participant in and a material witness to a sale of narcotics. In that case the indictment alleged, in the first count, that the defendant had sold heroin to John Doe and, in the second count, without mentioning John Doe, that the defendant had received, concealed, bought and facilitated the transportation and

---

narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains

the possession to the satisfaction of the jury."

concealment of heroin. The defendant moved for a bill of particulars as to John Doe's identity, address and occupation. The Government objected on the ground that John Doe was an informer and that his identity was privileged. The motion was denied. In the footnote referred to, the Supreme Court said that this was error, adding:

"Since Count 1 was then before the court and expressly charged petitioner with a sale of heroin to John Doe, it was evident from the face of the indictment that Doe was a participant in and a material witness to that sale. Accordingly, when his name and address were thus requested, the Government should have been required to supply that information or suffer dismissal of that count."

Defendant Gregory here evidently tries to bring himself within that rule by asking for particulars wherever "a government informer or special employee participated in setting up the crime alleged". That seems to me too close to a general demand for the Government's evidence and too far from the Roviaro case which held that particulars should have been required as to a government informer who was the subject of a clear cut allegation that he was the purchaser in the unlawful sale with which the defendant was charged.

Within that rule the Government must furnish the name and address of any government informer or special employee from whom defendant Gregory is alleged to have received the narcotic drug. The time and place of any such receipt must be furnished under the rule of the Smith case, supra.

In all other respects the motion is denied. So ordered.