UNITED STATES of America

v.

SPUR KNITTING MILLS, INCORPORATED, Defendant.

United States District Court
S. D. New York.
Feb. 19, 1960.

S. Hazard Gillespie, Jr., U. S. Atty., for the S. D. of New York, New York City, Robert E. Scher, New York City, of counsel, for the United States.

Henry Krinsky, New York City, for defendant.

WEINFELD, District Judge.

In view of the fact that the three counts of the indictment contain no information other than general charges of violation of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., it is difficult to understand the refusal of the Government to furnish a single item of particulars with respect thereto.

■■ The basis of opposition rests upon the assumption that (1) all the information sought is available to the defendant through its own records, and (2) witnesses, if their names are disclosed, may be subjected to "unseemly pressures." Neither is valid. The fact that a defendant may have some, or even all the information requested, does not necessarily defeat his right to a bill of particulars. The issue on a motion for a bill of particulars is what the Government intends to prove upon the trial in support of its charge. The defendant is entitled to this information in order properly to prepare to meet the charges and to avoid surprise upon the trial.[1] The Government's position also disregards the fact that a defendant is presumed to be innocent and hence, that it must be assumed "he is ignorant of the facts on which the pleader founds his charges." [2] As to the second ground of opposition urged by the Government, no facts are set forth to support the charge of "possible pressure"—this, apart from the fact that the Government is possessed of ample power to meet any such situation should the defendant be foolhardy enough to attempt it.

■ However, to require the Government to furnish the detailed information requested with respect to each and every employee as to whom it is alleged violations occurred during the period covered in the indictment, would go far beyond what is required to afford the defendant reasonable assistance in the preparation of his defense and at the same time would unduly and unnecessarily burden the Government. Since a course of conduct is the substance of the offense under the Fair Labor Standards Act,[3] the defendant will be fully advised and his rights amply protected if sufficient details are set forth to support a "course of conduct." The defendant had approximately 45 employees per week for the year 1955; 43 per week for the year 1956, and 24 per week for the year 1957. The Government states it has received complaints from 15 workers. Under the circumstances, the Government is directed to serve a bill of particulars with respect to at least 10 employees for each year covered in the indictment, whether present or former employees (they need not be the same employees in each year) covering at least 10 work weeks in each year as follows: (1) the name of the employee to whom the defendant is alleged to have paid less than 75¢ an hour from October 1, 1955 to March 1, 1956 and less than $1 an hour from March 1, 1956 to October 1, 1957; (2) the week-ending dates in each instance; (3) the hours worked; (4) the amount it will be claimed should have been paid to each such employee at the rate of 75¢ or $1 per hour, as the case may be; and (5) the amount actually paid to such employee.

As to the second count, set forth (also with respect to 10 employees for 10 weeks in each year, or less if it be claimed false records were kept for shorter periods): (1) the hours actually worked each work

1. Cf. United States v. Nieberg, Cr. 143–221, S.D.N.Y., December 2, 1955.

2. Cf. Judge Whittaker's (now Mr. Justice Whittaker) statement in United States

v. Smith, D.C.W.D.Mo.1954, 16 F.R.D. 372, 375 and cases there cited.

3. See United States v. Universal C. I. T. Credit Corp., 1952, 344 U.S. 218, 224, 73 S.Ct. 227, 97 L.Ed. 260.

day and each work week; and (2) the hours falsely stated in the records.

The service of a bill of particulars in accordance with the above shall not preclude the Government upon the trial from showing claimed violations with respect to other employees or for additional periods of time.

Settle order on notice.