**12**

UNITED STATES of America

v.

Marius ARANCI, Joseph Aranci, Georges Aranci, Georgette Arassus, Ralph Cianchetti, Francesco Lo Cicero, John Doe, known as "Joe", John Doe, known as "Charlie", John Doe, 59 years old, John Doe, with long thin straight nose, Marco Del Gado and Molly Schau.

Crim. No. 10250.

United States District Court
D. Connecticut.

June 9, 1961.*

Harry W. Hultgren, Jr., U. S. Atty., Hartford, Conn., for the United States.

Howard A. Jacobs, New Haven, Conn., for defendant Ralph Cianchetti.

William C. Lynch, New Haven, Conn., for defendant Molly Schau.

* Opinion of June 9, 1961 filed *nunc pro tunc* as of February 7, 1961 in substitution for separate opinions filed on this date on separate motions of defendants Cianchetti and Schau.

TIMBERS, District Judge.

### Motion to Dismiss Indictment

■ Defendant Ralph Cianchetti moves, pursuant to Rule 12(b), Fed.R. Crim.P., to dismiss the indictment.

The indictment, in one count, charges that this defendant and other defendants conspired among themselves and with certain co-conspirators not named as defendants, in violation of 21 U.S.C.A. § 174, to commit violations of that statute, in that they fraudulently and knowingly imported and brought into the United States contrary to law, quantities of heroin; and that they received, concealed, bought and sold the said heroin after it had been imported and brought into the United States, knowing the said heroin to have been imported and brought into the United States contrary to law.

The indictment sets forth ten overt acts which are alleged to have been committed in furtherance of the conspiracy.

The Court holds that the indictment in the instant case constitutes a plain, concise and definite written statement of the essential facts constituting the offense charged.[1]

Defendant argues that the indictment "purports to encompass a period of time of approximately twenty-three years and a considerable portion of the world, and includes as co-defendants persons outside the jurisdiction of the United States, and those impossible of ascertainment, one of the alleged co-conspirators being dead." The obvious answer to this argument is that the conspiracy was not of the Government's making; it necessarily must allege the facts as it finds them.

The conspiracy as alleged may present problems of proof with which the trial judge will have to cope.[2] But that does not render the indictment any less of a plain, concise, definite statement of the essential facts constituting the offense charged.

Defendant Cianchetti's motion to dismiss the indictment is denied.

### Motions for Bills of Particulars

■ Defendants Ralph Cianchetti and Molly Schau[3] move, pursuant to Rule 7(f), Fed.R.Crim.P., for bills of particulars with respect to the indictment.

The conspiracy is alleged to have existed from January 1, 1937 to the date of the indictment which was filed November 16, 1960—a period of approximately 24 years.

During this period of time the conspiracy is alleged to have been in operation in the United States and in various foreign countries. It is alleged that defendants and the co-conspirators conspired to violate the statute in the Southern District of New York, the Eastern District of New York, the District of New Jersey, the District of Massachusetts, the Eastern District of Virginia and the District of Connecticut; on the high seas between the ports of New York, Brooklyn, Hoboken, Boston and Norfolk; on the high seas between those ports and the ports of Marseilles in France, Alexandria in Egypt and Barcelona in Spain; on the high seas between the said ports of Marseilles, Alexandria and Barcelona; and at Marseilles, Alexandria, Barcelona and Montreal, Canada. In short, the conspiracy is alleged to have operated within portions of the United States, France, Egypt, Spain and Canada, as well as on the high

1. Rule 7(c), Fed.R.Crim.P.; Brown v. United States, 9 Cir., 1955, 222 F.2d 293, 294–296; Martinez v. United States, 1 Cir., 1955, 220 F.2d 740; United States v. Rodgers, 5 Cir., 1955, 218 F.2d 536; Rodriguez v. United States, 5 Cir., 1955, 218 F.2d 810.

2. United States v. Bufalino, 2 Cir., 1960, 285 F.2d 408, 418; United States v. Santore, 2 Cir., 1960, 290 F.2d 51.

3. Defendant Molly Schau on January 9, 1961, together with her motion for a bill of particulars, also filed a motion to dismiss the indictment. The latter motion was withdrawn at the time of argument of her motion for a bill of particulars on February 6, 1961.

seas between various ports in the countries mentioned with the exception of Canada.

The function of a bill of particulars in a criminal case is to render an indictment sufficiently specific to apprise a defendant, as required by the Sixth Amendment of the Constitution of the United States, of the nature and cause of the accusation in order that he may prepare for trial; may be spared surprise at the trial; and, after judgment, may be able to plead the record and judgment in bar of a further prosecution for the same offense.[4]

*Items In Cianchetti's Motion Granted*

■ Of the six numbered items in defendant Cianchetti's motion for a bill of particulars, the Court grants the following and to the extent indicated:

*Item 1*

The Government is directed to inform defendant Cianchetti, to the extent of the Government's information, as to the period of time from January 1, 1937 to the date of the indictment that he is alleged to have been a member of the conspiracy.

*Item 2*

The Government is directed to inform defendant Cianchetti, to the extent of the Government's information, as to which of the defendants and co-conspirators he is alleged to have conspired with directly, as part of the overall conspiracy charged.

*Items 3 and 4*

The only overt act in which defendant Cianchetti is named is No. 9 which reads as follows:

"9. On September 1, 1960, the said defendant, Ralph Cianchetti, did have a meeting with said Warycha at Derby, Connecticut, within the jurisdiction of this Court."

The Government is directed to inform defendant Cianchetti, to the extent of the Government's information, as to whether the meeting he is said to have had with one Theodore Warycha at Derby, Connecticut, is alleged to have taken place in the morning, the afternoon or the evening of September 1, 1960. The Government is further directed to inform defendant Cianchetti, to the extent of the Government's information, as to the exact place or places in Derby, Connecticut, where his meeting with the said Theodore Warycha is alleged to have taken place.[5]

In all other respects defendant Cianchetti's motion for a bill of particulars is denied.

*Items In Schau's Motion Granted*

Of the eleven numbered items in defendant Molly Schau's motion for a bill of particulars, the Court grants the following and to the extent indicated:

*Item 1*

The Government is directed to inform defendant Molly Schau, to the extent of the Government's information, as to the period of time from January 1, 1937 to the date of the indictment that she is alleged to have been a member of the conspiracy.

*Item 2*

The Government is directed to inform defendant Molly Schau, to the extent of the Government's information, as to which of the defendants and co-conspirators she is alleged to have conspired with

4. Wong Tai v. United States, 1927, 273 U.S. 77, 80–81, 47 S.Ct. 300, 71 L.Ed. 545; United States v. Russo, 2 Cir., 1958, 260 F.2d 849, 850; United States v. Dolan, D.C.D.Conn.1953, 113 F.Supp. 757, 759; United States v. Pignone, D.C.D. Conn.1960, 189 F.Supp. 532; United States v. Giramonti, D.C.D.Conn.1960, 26 F.R.D. 168, 169.

5. United States v. Stromberg, D.C.S.D. N.Y.1957, 22 F.R.D. 513, 522, reversed in part on other grounds, 2 Cir., 1959, 268 F.2d 256, certiorari denied, Puco v. United States, 1959, 361 U.S. 863, 80 S. Ct. 119, 4 L.Ed.2d 102; United States v. Wilson, D.C.S.D.N.Y.1957, 20 F.R.D. 569, affirmed, 2 Cir., 1959, 264 F.2d 104; United States v. Smith, D.C.W.D.Mo. 1954, 16 F.R.D. 372.

directly, as part of the overall conspiracy charged.

*Items 3 and 4*

The only overt act in which defendant Molly Schau is named is No. 3 which reads as follows:

"3. On divers dates between January 1, 1955 to December 25, 1955, the said Clarence Faust Aspelund, after receiving heroin from the aforesaid defendants Marius Aranci, Joseph Aranci and Georges Aranci, at Marseilles, France, did deliver the same to the defendant, Molly Schau, at Brooklyn, New York after smuggling the same into the United States."

The Government is directed to inform defendant Molly Schau, to the extent of the Government's information, as to the dates between January 1, 1955 and December 25, 1955 upon which heroin is alleged to have been delivered to her. The Government is further directed to inform defendant Molly Schau, to the extent of the Government's information, as to the place or places in Brooklyn, New York, where the heroin is alleged to have been delivered to her on each of the dates specified during the period between January 1, 1955 and December 25, 1955.[6]

In all other respects defendant Molly Schau's motion for a bill of particulars is denied.

*Items In Cianchetti's And Schau's Motions Denied*

With respect to the information sought in Item 5 of defendant Cianchetti's motion and in Items 5 and 11 of defendant Molly Schau's motion, the Government will not be required to furnish the name and address of each and every person who was present at the times of the commission of the overt acts. Such information is not necessary in order to advise defendants of the nature and cause of the accusation. Courts have been reluctant to require the Government to furnish a bill of particulars disclosing names of potential witnesses except, as required by 18 U.S.C. § 3432, in cases where a person is charged with treason or other capital offense.[7]

Nor will the Government be required to furnish the information requested in Item 6 of defendant Cianchetti's motion and in Items 6, 7, 8, 9 and 10 of defendant Molly Schau's motion. These requests seek to pry into the Government's evidence, including evidence with respect to a co-conspirator.[8]

### Motion for Discovery and Inspection

■ Defendant Ralph Cianchetti moves, pursuant to Rule 16, Fed.R.Crim. P., for an order directing the United States Attorney to permit defendant Cianchetti to inspect and copy a statement obtained by Government agents from defendant Cianchetti subsequent to his arrest.

In view of the particular circumstances of the instant case, the Court, in the exercise of its discretion, grants the motion of defendant Cianchetti to inspect and copy the statement referred to.[9]

### Conclusion

The motion to dismiss the indictment is denied. The motions for bills of particulars are granted to the extent indicated; but in all other respects they are denied. The motion for discovery and inspection is granted.

In view of the imminence of the trial of this case which for some time has been

---

6. United States v. Stromberg, supra note 5, 22 F.R.D. at page 522; United States v. Wilson, supra note 5; United States v. Smith, supra note 5.

7. United States v. Schneiderman, D.C.S.D. Cal.1952, 104 F.Supp. 405, and cases cited at page 409.

8. United States v. Stromberg, supra note 5, 22 F.R.D. at page 522; United States v. Wilson, supra note 5, 20 F.R.D. at page 572; cf. United States v. Smith, supra note 5, 16 F.R.D. at page 375.

9. United States v. Fancher, D.C.D.Conn. 1961, 195 F.Supp. 448, a decision filed subsequent to that in instant case.

**16**

firmly set to commence on February 15, 1961, the Government is directed (i) to serve and file as promptly as possible, but in no event later than Friday, February 10, 1961, bills of particulars in response to the motions of defendants Cianchetti and Molly Schau to the extent indicated, and (ii) to permit defendant Cianchetti or his counsel, not later than Friday, February 10, 1961, at the office of the United States Attorney in New Haven, to inspect and copy the statement obtained by Government agents from him subsequent to his arrest.