The **UNITED STATES**
v.
**Robert Edward WILLIAMS.**
**Crim. A. No. 1967.**

United States District Court
N. D. Georgia,
Newnan Division.
Dec. 31, 1969.

Allen L. Chancey, Jr., Atlanta, Ga., for plaintiff.

Sanders, Mottola, Haugen, Wood & Goodson, Newnan, Ga, for defendant.

## ORDER

ALBERT J. HENDERSON, Jr., District Judge.

Presently before the court is the question whether the defendant is entitled to a bill of particulars, in order to determine exact dates, names of witnesses, and other specific information concerning overt acts contained in an indictment for conspiracy to violate the tax laws, in order to amplify its essential elements. The court hereby grants the request for a bill of particulars, in part, and denies the request in part, for the following reasons.

Defendant has moved the court for a bill of 12 particulars, a summary of which follows:

(1) specific dates on which and places at which the defendant "conspired".

(2) the location of the nine distilleries referred to in the indictment.

(3) the dates that the 9,744 gallons of whiskey were transported and concealed, were concealed, and to whom and by whom transported and concealed.

(4) defendant's alleged connection with distilleries referred to in overt acts of the indictment.

(5) defendant's alleged connection with liquor referred to in overt acts of the indictment.

(6) the exact date that the defendant transported 20 gallons of liquor as alleged in overt act 9, the owner, seller and buyer of the liquor, and the amount of money paid and to whom paid.

(7) the name of the person to whom the materials described in overt act 4 were delivered.

(8) the name of the person to whom the 200 pounds of sugar referred to in overt act 14 were delivered.

(9) the name of the person installing the water pump described in overt act 15.

(10) the date of the purchase referred to in overt act 17, the place of the purchase, and the names of the people involved.

(11) the dates on which the liquor described in overt act 18 was transported, the place to which it was transported, and the names of all persons involved.

(12) the names of persons named as co-conspirators in the indictment who acted as agents for the government during the period of the alleged conspiracy, or who since that time have acted as agents for the government.

The question is whether the court, in its discretion, pursuant to Fed.R.Crim.P. 7(f), must grant defendant's request for the bill of particulars described above.

The indictment reveals that beginning on or about December, 1960, and continuing to about December 31, 1963, defendant and other named persons conspired to violate the tax laws of the United States pertaining to the illicit, unlawful and fraudulent manufacture, distillation, transportation and distribution of distilled spirits by (a) operating unregistered stills, in violation of 26

**34**

U.S.C. § 5601(a) (1), (b) concealing non-tax paid liquor, in violation of 26 U.S.C. § 7206(4), and (c) carrying on the business of unbonded distillers of whiskey, in violation of 26 U.S.C. § 5601 (a) (4). More specifically, the indictment stated that (a) defendant and his co-conspirators allegedly operated nine unregistered distilleries in Troup County, Georgia, during the period from December, 1960, to and including about December 31, 1963; (b) that they engaged in the business of distilling while unbonded at these locations; (c) and that they did possess, transport, remove and conceal non-tax paid whiskey during the period described, in the amount of 9,744 gallons, more or less. Finally, the indictment described 18 overt acts, which are generally the subject of the bill of particulars requested. Overt act 1 refers to the conception of the conspiracy. Overt acts Nos. 2, 6, 8, 10, 11, 12, 13 and 16 all refer to instances of either setting up or operation of an unregistered distillery. Most of these overt acts are identified as to the time at which they allegedly were perpetrated as a given week within a given month, for example, "the first week of February, 1961". Overt act No. 6. The overt acts numbered 3, 14, 15 and 17 all refer to possession of materials used in the manufacture of non-tax paid whiskey. These overt acts generally are identified as to time in the same manner as described above. Overt acts Nos. 4, 5, 7, 9 and 18 all refer to incidents involving possession, concealment, transportation, or sale of non-tax paid whiskey. Overt acts 4, 5 and 7 are identified as to exact date and place.

On the other hand, overt act 9 states that defendant transported 20 gallons of non-tax paid whiskey from the Troup County, Georgia, courthouse parking lot, to the Mountville Community, Troup County, where he delivered it to Will Cosley. While this information is specific, the overt act states that this was accomplished "during the months of February and March, 1961, the exact dates being unknown to the Grand Jury". Overt act No. 18 states that, on four oc-casions during the period from September 1, 1963, through November 23, 1963, two co-conspirators of defendant transported non-tax paid whiskey to defendant's residence on Glassey Bridge Road, Troup County. Further, overt act No. 17 indicates that "during the month of March, 1963", defendant and others purchased 5-gallon containers from Roanoke Wholesale Company, Randolph County, Alabama.

The government refers the court to the case of Sawyer v. United States, 89 F.2d 139 (8th Cir. 1937), as a leading case on the subject of Fed.R.Crim.P. 7(f). The *Sawyer* case states, in pertinent part:

If the language of the indictment is so far definite and certain as to safeguard all of the rights of a defendant and to enable him properly to prepare his defense, a bill of particulars will not be required. * * * The granting or the refusal of a motion for a bill of particulars is a matter that is governed by the sound judicial discretion of the trial court, and unless it shall be shown affirmatively that such discretion has been abused by the trial court a refusal to require a bill of particulars will not be disturbed by an appellate court. (citations omitted).

89 F.2d at 141.

However, the *Sawyer* case construed Rule 7(f) as it was written at that time, i. e., it permitted the court to order a bill of particulars "for cause". In 1966, the words "for cause", were eliminated by amendment from the rule. Moreover, the Advisory Committee note to the 1966 amendment of the rule states, in pertinent part:

The amendment to the first sentence eliminating the requirement of a showing of cause is designed to encourage a more liberal attitude by the courts towards bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases. For an illustration of wise use of this discretion, see the opinion by Justice

Whitaker written when he was a district judge in United States v. Smith, 16 F.R.D. 372 (W.D.Mo.1954).

1 C. Wright, Federal Practice and Procedure § 129 n. 32 (1969). The *Smith* case concerned an indictment in a narcotics case. The trial court allowed a bill of particulars revealing (1) the time of day and exact place defendant transferred the narcotic, (2) the name of the person or persons to whom it was transferred, and (3) whether such person or persons were employed by the government or (4) acting at the instance of the government at the time of the transfer, and (5) whether or not such other persons first transferred the narcotic to the defendant. The trial court emphasized that the purpose of Rule 7(f) was to avoid prejudicial surprise at the trial, and that information could be furnished which in other circumstances would not be required because evidentiary in nature. To the *Smith* court, it was clear that, when charges of an indictment are so general that they do not sufficiently advise defendant of the specific acts with which he is charged, the court should order a bill of particulars. 16 F.R.D. at 375.

■ However, this case is dissimilar to the *Smith* case in that the instant case is one of conspiracy to violate, concerning which a bill of particulars is sought to amplify various overt acts enumerated in the indictment. In Wong Tai v. United States, 273 U.S. 77; 81, 47 S.Ct. 300, 301, 71 L.Ed. 545, 548 (1927), it was stated:

It is well settled that in an indictment for conspiring to commit an offense —in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy * * *, or to state such object with the detail which would be required in an indictment for committing the substantive offense * *. In charging such a conspiracy "certainty to a common intent, sufficient to identify the offense which the de-

fendants conspired to commit, is all that is necessary." Williamson v. United States, [207 U.S. 425, 447, 28 S.Ct. 163, 52 L.Ed. 278, 290] * * *. (citations omitted).

*Accord*: Brown v. United States, 403 F.2d 489 (5th Cir. 1969); United States v. De Sapio, 299 F.Supp. 436, 444 (S.D. N.Y.1969). Accordingly, the court must exercise its discretion not only in the light of a liberal interpretation of Rule 7(f), designed to prevent surprise at the trial, but also must consider that the overt acts alleged in furtherance of the conspiracy need not be pleaded with the specificity required in an indictment for committing the substantive offense.

■ Considering these factors, the court is of the opinion that the defendant's motion for bill of particulars must be granted, at least in part, as to his requests numbered 6, 10, 11 and 12. As to (6), the government must reveal the exact date that the defendant transported 20 gallons of liquor and to whom it was transferred. As to (10), the government must reveal the exact date of the purchase of the 36 5-gallon containers referred to in overt act 17. As to (11), the government must reveal the exact dates of the alleged transfers. As to (12), the government must reveal the names of any of the persons named as co-conspirators in the indictment, who acted as agents for or at the instance of the government during the period of the alleged conspiracy. However, the government will not be required to reveal information concerning agency of any of the co-conspirators during other periods. Zarzour v. United States, N.D.Ga., Civil Action No. 11955 (order dated August 1, 1969).

■ However, as to requests (1), (2), (3), (4), (5), these items can all be ascertained from a careful reading of the indictment. Questions concerning the connection with certain transfers of liquor need not be alleged with technical precision required for the substantive offense, for the reason that the "connection" is itself the alleged conspiracy. The same reasoning applies to a request

**36**

for dates and places of a conspiracy. Therefore, requests (1) through (5) are denied. Further, requests 7, 8 and 9 are denied because they seek the names of persons not crucial to the consummation of the overt act, *e. g.*, transporting non-tax paid liquor. Suffice it to say that, in the opinion of the court, the remainder of the information requested seeks either detailed evidentiary proof, or the names of witnesses, and goes beyond that to which the defendant is entitled. To go beyond the point this court has gone would be tantamount to a preview of the government's case in advance of trial. United States v. Wolfson, 294 F.Supp. 267, 276–277 (D.Del.1968). *See* United States v. Kahn, 381 F.2d 824, 829–833 (7th Cir. 1967). Therefore, the portions of requests 6, 10, 11 and 12, which the court has not required the government to answer, are denied.

On summary, portions of requests 6, 10, 11 and 12 are granted, and portions are denied. Requests 1–5 and 7–9 are denied.