The UNITED STATES
v.
Harold Hubert DAVIS.
Crim. No. 26932.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 2, 1971.

**900**

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Peter E. Rindskopf, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

The grand jury indictment charges that defendant received, concealed, and facilitated the transportation and concealment of marijuana "on or about the 22nd day of December, 1970 in the Northern District of Georgia," in violation of 21 U.S.C. § 176a (1964). Section 176a was repealed October 27, 1970, but the repealing act specifically states the prosecutions for any violation of § 176a occurring prior to the effective date of repeal—May 1, 1971—are not abated by the repeal. Drug Control Act of 1970, 84 Stat. 1291. Defendant was arrested December 22, 1970.

Defendant has filed in this court a motion to dismiss the indictment on the grounds that prosecution under it would lead defendant to self-incrimination in violation of the Fifth Amendment. He argues that the force of the provision in § 176a pursuant to which he was indicted depends upon his knowledge that marijuana was brought into the United States contrary to law. That law, he says, is the Marihuana Tax Act, 26 U.S. C. § 4741 et seq., and defendant claims that compliance with it would lead to a substantial risk of self-incrimination since Georgia laws forbid the possession of dangerous drugs of this nature. Under such circumstances, says defendant, the government cannot require compliance with the Marihuana Tax Act and, therefore, cannot make criminal a failure to so comply.

In Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), petitioner Leary was convicted of knowingly transporting and facilitating the transportation and concealment of marijuana which had been illegally brought into the United States, in violation of 21 U.S.C. § 176a, and with failure to pay the transfer tax on marijuana imposed by the Marihuana Tax Act, in violation of 26 U.S.C. § 4744(a) (2). The Supreme Court considered two questions: (1) whether petitioner was denied due process by the application of that part of 21 U.S.C. § 176a which provides that defendant's possession of marijuana is presumptively sufficient evidence both that the marijuana was illegally imported and that defendant knew of the illegal importation, unless defendant can rebut the presumption; (2) whether the conviction for failure to comply with the Marihuana Tax Act violated Leary's Fifth Amendment privilege against self-incrimination. The Court reversed the conviction based on violation of 21 U.S.C. § 176a, holding that the presumption provision was unconstitutional, and remanded the case to the Fifth Circuit for further proceedings. The Court reversed outright the conviction based on violation of the Marihuana Tax Act.

Defendant has not been harmed by the presumption provision of § 176a, so that part of Leary is not of concern here. The Court in Leary reversed the conviction based on the Marihuana Tax Act because petitioner there had been faced with a choice of complying with the Act, thereby giving incriminating information which would be made available on request to state and local officials, or of complying with various federal regulations prohibiting him from acquiring marijuana under any conditions. The Court found that, faced with this choice, petitioner would have been justified in giving precedence to the Act and that in so doing he would, perforce, have undergone a very substantial risk of self-incrimination since practically all states forbid the possession of marijuana in any amount. The Court noted that the recent cases of Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L. Ed.2d 889 (1968), Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed. 2d 906 (1968), and Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L. Ed.2d 923 (1968), held that when compliance with a federal statute entails a

very substantial risk of self-incrimination, a plea of the Fifth Amendment privilege against self-incrimination provides a complete defense to a prosecution based on failure to comply with that statute. In *Marchetti* and *Grosso* federal law required that information regarding compliance with the federal wagering tax be furnished state and local authorities on demand. In *Haynes* compliance with the federal firearms registration law immediately threatened prosecution under applicable companion federal statutes. Therefore, the Court in *Leary* held that the assertion of the Fifth Amendment privilege was a complete defense to a prosecution based on non-compliance with the Marihuana Tax Act.

■ In the case before this court, however, defendant is not charged with violation of the Marihuana Tax Act. Rather, he is charged with receiving, concealing, and facilitating the transportation and concealment of marijuana in violation of 21 U.S.C. § 176a. If the charges are proven, defendant would be guilty even if he did not himself violate the Marihuana Tax Act. It is perfectly possible to receive, conceal or facilitate the transportation and concealment of marijuana knowing it was illegally imported without violating the requirement to pay the transfer tax on the marijuana. Compliance with § 176a—that is, *refraining from* receiving, concealing or facilitating the transportation or concealment of marijuana—would not lead to any incrimination whatsoever. Therefore, defendant's motion to dismiss the indictment because it would lead to a violation of the Fifth Amendment privilege against self-incrimination must be denied. United States v. Reyes, 280 F. Supp. 267 (S.D.N.Y.1968); *see* Witt v. United States, 413 F.2d 303 (9th Cir. 1969).

Defendant also moves this court for an order, pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, directing the government to specify the exact times when, and the exact places where, defendant allegedly committed the offensive acts for which he is charged.

Rule 7(f) provides, in part, that: "The court may direct the filing of a bill of particulars." Motions requesting the bill are directed to the discretion of the court, and the court may exercise its discretion to order the filing of the bill for the purposes of: (1) informing defendant of the facts constituting the offense and the nature of the charge with sufficient particularity to enable the preparation of an adequate defense; (2) avoiding or minimizing the danger of surprise at trial; and (3) perfecting the record so as to bar a subsequent prosecution for the same offense. United States v. Bearden, 423 F.2d 805 (5th Cir. 1970); Hickman v. United States, 406 F.2d 414 (5th Cir. 1969), cert. den. 394 U.S. 960, 89 S.Ct. 1309, 22 L.Ed.2d 561 (1969).

Prior to 1966 a court could direct the filing of a bill of particulars under Rule 7 only upon a showing of cause. The Note of the Advisory Committee on Rules concerning the 1966 amendment which eliminated the need to show cause states:

> "The amendment to the first sentence eliminating the requirement of a showing of cause is designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases. For an illustration of wise use of this discretion see the opinion by Justice Whittaker written when he was a district judge in United States v. Smith, 16 F.R.D. 372 (W.D.Mo.1954)." 18 U.S. C.A. Rule 7, p. 326.

In *Smith* the information charged that on August 29, 1954, at Kansas City, Missouri in the Western District of Missouri, defendant transferred a narcotic drug and a marijuana cigarette in violation of federal law. On motion of defendant, the court ordered the government to furnish a bill of particulars stating, among many other detailed items, the time of day when, and the exact place where, defendant allegedly committed the acts

for which he was charged. The court said:

"Without definite specification of the time and place of commission of the overt acts complained of \* \* \* there may well be difficulty in preparing to meet the general charges of the information, and some danger of surprise." At 375.

Since the motion for a bill of particulars is directed to the discretion of the court, it is not surprising that the cases vary on the matter of granting motions which seek the exact time and place for the commission of alleged offensive acts. However, it seems that in a number of cases dealing with indictments that charge conspiracy the courts have denied motions seeking such particulars as exact time and place, while in a number of cases dealing with indictments that charge the commission of overt acts alone, the courts have been more sympathetic to such requests. *See*, United States v. Williams, 309 F.Supp. 32, 35–36 (N.D.Ga.1969); *compare, e. g.,* United States v. Roberts, 264 F.Supp. 622 (S.D.N.Y.1966) *with* United States v. Bozza, 234 F.Supp. 15 (E.D.N.Y.1964) *and with* United States v. Figueroa, 204 F.Supp. 641 (S.D.N.Y.1962). The reasoning may be that it is far more difficult to ascertain with precision the date and place a conspiracy "occurs", than the date and place of an overt act alone.

A case particularly relevant for present purposes is United States v. Wilson, 20 F.R.D. 569 (S.D.N.Y.1957). There defendant Gregory was charged with unlawfully receiving, possessing, concealing, and facilitating the transportation and concealment of heroin in violation of 21 U.S.C. § 174, which in relevant part differs from 21 U.S.C. § 176a only in that it deals with narcotics rather than marijuana. Gregory moved the court, in part, for a bill of particulars in which the government would be required to state the place where he had allegedly received, possessed, concealed, and facilitated the transportation and concealment of the narcotic drug. The government argued that if defendant's motion were granted, the government would be com-

pelled to disclose the narrative of its evidence since Gregory might have committed the various acts in different places. The court's answer to this was:

"If that is so, it is the result of the fact that the indictment charges various acts in violation of different parts of the statute instead of a single act in violation of a single part of the statute. A prosecutor seeking the benefit of charging various acts proof of any one of which will result in conviction must accept the burdens of such a charge as well." At 571.

The court in *Wilson* held for defendant and required the disclosure of the approximate place within the Southern District of New York designated by street and number if possible. It cited *Smith* as precedent and noted that by comparison to the particulars ordered furnished in *Smith*, the requests by defendant were quite modest.

■ The rationale upon which *Wilson* was based applies equally to the case before this court. The indictment here charges defendant with the commission of several acts—receiving, concealing, and facilitating the transportation and concealment of marijuana—"on or about the 22nd day of December, 1970 in the Northern District of Georgia." Defendant's contentions that he cannot assemble witnesses on his behalf if he does not know the dates when and the places where he is alleged to have committed the offensive acts, and that the indictment as presently worded might not prevent his being jeopardized a second time for the same essential acts are sufficiently meritorious to lead this court to grant the motion. It is true that in United States v. White, 50 F.R.D. 70 (N.D.Ga.1970), which is currently on appeal to the Fifth Circuit, this court held that an indictment charging violation of 21 U.S.C. § 176a "on or about August 5th" was sufficiently definite to apprise defendant of the offense with which she was charged and that a motion for a bill of particulars stating the "exact time of the alleged criminal act" would not be granted. But in *White* the indictment charged defendant with

the single act of importing marijuana into the United States illegally, whereas here, as the court in *Wilson* noted, several acts are charged but only one "on or about" date is stated. Defendant's motion will be granted to the extent of requiring the government to give the exact dates upon which the defendant is alleged to have committed the offensive acts and the exact places within the Northern District of Georgia where these alleged acts are supposed to have been committed.

Defendant further moves this court, pursuant to Rules 16(a) (1), 16(a) (2) and 16(b), for discovery and inspection of any statements, results of tests, and tangible objects within the control of the government. The government has consented to the first two requests and to the third to the extent permitted by the Jencks Act, 18 U.S.C. § 3500 (1964). The motion will therefore be denied at this time without prejudice.

Finally, defendant moves, pursuant to Rule 41(e) (4) to suppress the evidence seized from defendant by government agents and requests a hearing on the motion. The motion to suppress states, in part, that: "Defendant relies upon the brief and affidavit attached hereto in support of his motion," the entire "brief" in support of the motion states as follows:

### BRIEF IN SUPPORT OF MOTION TO SUPPRESS

"The indictment speaks of some four pounds of marijuana, which defendant is accused of transmitting, concealing, etc. At the time of defendant's arrest and seizure, the officers who effected the same were agents of the United States Government and persons on their behalf. They had no cause or valid warrant to arrest defendant or to search his person, premises, vehicles, or to seize the marijuana."

The affidavit filed by defendant's counsel states, in relevant part:

"That [counsel] is advised and believes to be true the facts stated in the foregoing brief in support of motion to suppress in the above case."

The government's response to this motion is that it is entirely frivolous and contains no specific allegations of fact. The government further argues that defendant's counsel failed to comply with Local Rule 8 which requires that a "brief of authorities" accompany all written motions. The government points out that it had obtained a search warrant before confronting defendant and gives facts tending to show that there was probable cause for the issuance of the warrant.

■ Although it is true that counsel's "brief" hardly is what Local Rule 8 requires, this court would not dismiss the motion on that ground alone since to do so here would work an injustice. *Woodham v. American Cystoscope Co. of Pelham, N. Y.*, 335 F.2d 551 (5th Cir. 1964). Nevertheless, the hearing on a motion to suppress authorized by Rule 41(e) is granted only when there is an issue of fact necessary for the disposition of the motion. The Ninth Circuit has aptly stated the considerations which determine the granting of a hearing under Rule 41(e) as follows:

"The question is whether the allegations in the moving papers, including affidavits if any are filed, are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir. 1967).

Facts must be alleged by the moving party which, if proved, would require the granting of relief, and mere conclusions are not enough. *United States v. One 1965 Buick*, 392 F.2d 672 (6th Cir. 1968). Otherwise, the court might be burdened with hearing a stark fishing expedition by movant. *United States v. Pardo-Bolland*, 229 F.Supp. 473 (S.D. N.Y.1964). Here, defendant has stated essentially a conclusion, and he has alleged no facts to support it. In *Pardo-Bolland* the movant's affidavit stated:

"On information and belief U. S. Government Agents also monitored, intercepted and listened in on my personal telephone conversations at the

**904**

Hotel Elysee to obtain evidence against me, in violation of law." At 475.

The court there felt that this was so devoid of evidentiary support as to be made in bad faith for the sole purpose of gaining a preview of the government's evidence, and it felt that no answer was required, much less a hearing. While this court will not so characterize defendant's motion to suppress, it will deny it without prejudice to a subsequent motion should new facts come to light at trial.

For the above reasons defendant's motion to dismiss the indictment is denied. Defendant's motion to direct the government to file a bill of particulars is granted to the extent that the government must state the exact dates when, and the exact places within the Northern District of Georgia where, defendant allegedly committed the offensive acts for which he is charged. Defendant's motion for discovery and inspection is denied at this time without prejudice. Defendant's motion to suppress and his request for a hearing on the motion is denied without prejudice to a subsequent motion should new facts come to light at trial.

It is so ordered.