UNITED STATES of America,
Plaintiff,

v.

William H. SERMON, Defendant.

No. 21512.

United States District Court
W. D. Missouri, W. D.

July 2, 1963.

F. Russell Millin, U. S. Dist. Atty., Kansas City, Mo., for plaintiff.

James J. Waters, Kansas City, Mo., for defendant.

JOHN W. OLIVER, District Judge.

This is a criminal income tax case. It pends on defendant's motion for a bill of particulars and on defendant's motion for discovery and inspection.

■ Rule 7(f) of the Rules of Criminal Procedure provides that "the court *for cause* may direct the filing of a bill of particulars." Paragraph (f) of Rule 7 must be read with paragraph (c) of Rule 7 which provides that the indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged". When the Rules of Criminal Procedure eliminated the then existent technical and prolix forms of ancient common law indictments, it was not intended that one charged with an offense against the United States would not adequately be apprised of what the Government claimed against him.

■ Rule 16, together with Rule 7(f) and other Rules, was intended to provide an orderly method under which the substantive rights of the accused would be protected in the event he was charged with a bare bones indictment using only statutory language. Some, but not complete, discovery was provided for in the Rules of Criminal Procedure.

■ The more liberal discovery prescribed by the Rules of Civil Procedure for the trial of civil cases was not deemed suitable for the trial of criminal cases. Fourth and Fifth Amendment protections make liberal discovery against a defendant in a criminal case practically impossible. Policy considerations evidently raised doubts, under those circumstances, of whether broad and unbridled discovery should be permitted against the Government in a criminal case. Perhaps also, the framers of the Rules of Criminal Procedure were not unmindful of Mr. Justice Cardozo's judgment in Snyder v. Commonwealth of Massachusetts, 291 U.S. 97, 122, 54 S.Ct. 330, 338, 78 L.Ed. 674, which suggested that "[J]ustice, though due to the accused, is due the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true".

Regardless of reason, the Rules of Criminal Procedure provide for but limited discovery.

■ Rule 16, however, did at least codify the most liberal discovery rules of decisions that existed before the promulgation of the Rules. The Notes of the Advisory Committee on Rule 16 stated:

"Whether under existing law discovery may be permitted in criminal cases is doubtful. United States v. Rosenfeld, 57 F.2d 74, C.C.A. 2d, certiorari denied [Nachman v. United States], 286 U.S. 556, 52 S.Ct. 642, 76 L.Ed. 1290. The courts have, however, made orders granting to the defendant an opportunity to inspect impounded documents belonging to him, United States v. B. Goedde [&] Co., 40 F.Supp. 523, 534, E.D.Ill. The rule is a restatement of this procedure. In addition, it permits the procedure to be invoked in cases of objects and documents obtained from others by seizure or by process, on the theory that such evidential matter would probably have been accessible to the defendant if it had not previously been seized by the prosecution. The entire matter is left within the discretion of the court."

But even under Rule 16, there must be (1) "a showing that the items sought (i.

e. the 'designated books, papers, documents or tangible objects, *obtained from or belonging to the defendant* or obtained from other *by seizure or by process*') may be material to the preparation of his defense; and (2) that the request is reasonable".

Questions that arise under Rule 7(f) and Rule 16 cannot be decided in the abstract. What would be "cause" within the meaning of Rule 7(f) in a particular case, or what would be "reasonable" within the meaning of Rule 16 in another, would be of little benefit in still a third case.

The briefs of the parties in this case argue generally the broad question of policy as to how these two rules should be generally viewed; a matter about which we think there is little room for argument and about which we think a District Court has little concern. We administer and apply a rule of the Supreme Court, not a rule of our District Court.

In construing its rule for our guidance, the Supreme Court in Bowman Dairy Co. v. United States, 341 U.S. 214, 218, 71 S. Ct. 675, 678, 95 L.Ed. 879 (1951) held:

"It was intended by the rules [the Rules of Criminal Procedure] to give some measure of discovery. Rule 16 was adopted for that purpose. It gave discovery as to documents and other materials otherwise beyond the reach of the defendant which, as in the instant case, might be numerous and difficult to identify. The rule was to apply not only to documents and other materials belonging to the defendant, but also. to those belonging to others which had been obtained by seizure or process. This was a departure from what had theretofore been allowed in criminal cases."

The "measure of discovery" permitted by the Rules of Criminal Procedure, while a "departure from what had theretofore been allowed", was not intended to be as broad as discovery in a civil case. Bowman Dairy, for example, illustrates that a subpoena which sought to require the Government to produce everything "relevant to the allegations or charges contained in [the] indictment, whether or not they might constitute evidence with respect to the guilt or innocence of any of the defendants" was invalid because it was but "a catch-all provision, not intended to produce evidentiary materials but is merely a fishing expedition to see what may turn up." Fishing expeditions are the order of the day in a civil action in a Federal court.

Bowman Dairy also made clear that:

"Rule 16 deals with documents and other materials that are in the possession of the Government and provides how they may be made available to the defendant for his information. In the interest of orderly procedure in the handling of books, papers, documents and objects in the custody of the Government accumulated in the course of an investigation and subpoenaed for use before the grand jury and on the trial, it was provided by Rule 16 that the court could order such materials made available to the defendant for inspection and copying or photographing. In that way, the control and possession of the Government is not disturbed. Rule 16 provides the only way the defendant can reach such materials so as to inform himself."

When a defendant resorts to "the only way * * * to inform himself" under Rule 16, he must, under the express terms of that rule, make a showing (1) that the items sought may be material to the preparation of his defense, and (2) that the request is reasonable. The underlying differences between the philosophy of discovery under the Civil and the Criminal rules require that we do not ignore the plain requirements of Rule 16.

In this particular case it is apparent that defendant's motion for a bill of particulars is necessarily premature. Defendant's motion alleges no cause at all. It is not an allegation of "cause" to include in the suggestions in support of a motion that the defendant "does not

know what he has to meet". That suggestion may well be true, and for purposes of this motion we could well assume that it is true, but for the purposes of defendant's motion under Rule 16, such an assumption puts defendant in an impossible position.

Bowman Dairy suggests that the purpose of Rule 16 is to enable the defendant to obtain "documents and other materials *otherwise beyond the reach* of the defendant". If he has such documents in hand there is no occasion for him to reach for them. If the defendant in truth does not know what he has to meet, then it is readily apparent that he would have the greatest difficulty establishing whether any items sought under Rule 16 may be material to the preparation of his defense. And, by the same token, until the defendant knows more precisely upon what theory the Government is proceeding, it would indeed be difficult, if not impossible, for the defendant to show that his request under Rule 16 is or is not a reasonable one.

If the Government is actually proceeding on a single theory, it may well develop on the facts that defendant in this case has full knowledge and copies of all possible items that may have been obtained by the Government from him, or which belong to him, or which were obtained from others by seizure or by process. It is difficult to see how a request to copy items already in the hands of the defendant would be a reasonable request.

On the other hand, should the Government's bill of particulars show that its charge rests upon a different theory or combination of theories, a different factual situation concerning the materiality of the items and the reasonableness of the request could well develop. But, as we have suggested, the questions upon which the exercise of our judicial discretion must turn can not be decided in the abstract.

While it is understandable why defendant has not attempted to make any allegation or real showing as to materiality or the reasonableness of its request (the allegation that some of defendant's counsel have been occupied in court and that another of defendant's counsel allegedly "has no knowledge of the books, papers or documents, discovery and inspection of which should be sought under Rule 16" are not allegations sufficient to support discovery under Rule 16), it is nevertheless true that the motion is deficient in those respects. It is apparent that defendant's motion for discovery must be denied at this time.

Whether it will become necessary for defendant to file a new motion under Rule 16 or any additional motions of any sort is dependent in large part on the cooperation of counsel that hopefully will follow this Memorandum and Order. And, again hopefully, our action in regard to defendant's motion for bill of particulars will establish the climate for cooperation.

 The first three paragraphs of defendant's motion for a bill of particulars would require the Government to state (1) "the theory or method used * * * to compute 'taxable income' for each of the five calendar years"; (2) to state "if more than one theory or method is relied upon, * * * what combination of theories or methods were used * * * to compute taxable income for each of the calendar years in each count of the indictment"; and (3) to state "whether or not any one or any combination of the following theories or methods of computing 'taxable income' was used for each of the five taxable years made the subject of a separate count, namely: (a) specific item method, (b) net worth method, (c) net worth plus expenditures method, (d) bank deposit method, and (e) any other method". Commendably, the Government does not object to furnishing this information. Defendant's motion will, at this time, be sustained as to those three paragraphs.

The Government's filing of the required bill of particulars in regard to those three paragraphs will require it to come out from behind its barricade of short form indictment. And if this case is to be tried the easy, as distinguished from the hard, way, defense counsel

must also come out from behind their barricade.

We call attention to recommendation V, A, of the Handbook of Recommended Procedures for the Trial of Protracted Cases adopted by the Judicial Conference of the United States which states:

"Recommendation: One or more pre-trial conferences should be held with a reporter present in all protracted criminal cases in order to refine the issues, establish rules for the handling of voluminous documentary evidence, resolve procedural problems, provide an atmosphere which will encourage voluntary agreements, and, generally, to take any other action which will tend to simplify and expedite the trial of such a case. (See Sample Forms Nos. 1 Cr. and I–A Cr.)"

Attention is also directed to recommendation V, B, which states:

"Recommendation: In protracted criminal cases, the judge should encourage the use of discovery to the extent authorized under Rule 16 and the last sentence of Rule 17 (c) of the Federal Rules of Criminal Procedure 18 U.S.C.A. in order to give each side access, well in advance of its use, to documentary evidence in the hands of opposing parties."

And we direct the attention of counsel to the following comment under recommendation V, A, above quoted:

"Experience has taught us that good lawyers are usually willing or even anxious to make agreements which will expedite the trial of protracted criminal cases and which do not tend to prejudice the cause of either party. Hence, a great deal can be accomplished to accelerate the trial of such cases without the necessity of coercive practices, which must be avoided at all costs, simply by bringing the parties together, informally and on a voluntary basis, in a pre-trial conference."

The final attention of counsel is directed to the fact that in Bowman Dairy

"[a]n agreed order was entered by the [district] court [concerning items sought under Rule 16] and the Government fully complied therewith".

We do not think it necessary to even bring the excellent and experienced counsel, involved in this case, all of whom we have long and favorably known, together at pre-trial in order to set in motion the procedures under which voluntary agreements may be made. We think they will get the message without a pre-trial conference. Counsel are also familiar with the fact that I am presently occupied in the trial of a protracted case that will probably continue for perhaps still another month.

This Court will therefore request that counsel confer with each other within fifteen days to see whether it is necessary to schedule a pre-trial in this case before we finish the case now on trial. We suggest that perhaps a conference both before and after the Government files its bill of particulars would be helpful to help counsel reach a conclusion on that matter. If counsel deem it necessary, I will meet with them some evening or over some weekend before the present trial is completed.

We are, of course, hopeful that the conference between counsel will establish, by voluntary agreement, procedures under which it will be unnecessary for defendant to file further formal motions. All counsel know that the production of records in an income tax case is not a question of "whether", but of "when". And counsel also know [and perhaps they know the Court knows they know] that a great deal can be accomplished to accelerate the trial of this case by their joint voluntary efforts without the issuance of a single order by this Court. Counsel will therefore report the results of their conference or conferences before any more motions are filed by either side.

For the reasons stated:

1. Defendant's motion for a bill of particulars is sustained with respect to the first three paragraphs of that motion. Said motion is denied without prejudice

with respect to the remaining paragraphs. The Government shall file its bill of particulars within ten (10) days of the date of this Memorandum and Order.

2. Defendant's motion for discovery is denied without prejudice.

3. Counsel for the parties shall confer with each other as above requested and report the results of their conference or conferences to the Court within fifteen (15) days of the date of this Memorandum and Order.

4. Neither party shall file any additional motions until counsel report the results of their conference or conferences.

It is so ordered.