### UNITED STATES of America, Plaintiff,

### v.

### Alexander J. BARKET, Defendant (two cases).

### Nos. 74 CR 141–W–1, 74 CR 168–W–1.

United States District Court,
W. D. Missouri, W. D.

Aug. 29, 1974.

Bert C. Hurn, U.S. Atty., Robert B. Schneider, Paul Anthony White, Asst. U.S. Attys., Kansas City, Mo., for plaintiff.

Veryl L. Riddle, Bryan, Cave, McPheeters & McRoberts, Robert F. Scoular, John J. Hennelly, Jr., St Louis, Mo., Bernard D. Craig, Bernard D. Craig, Jr., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTIONS FOR BILLS OF PARTICULARS

JOHN W. OLIVER, District Judge.

Numerous pretrial motions pend in both of the above cases. Defendant has requested that all motions not requiring an evidentiary hearing be determined before such a hearing is held. We have concluded that defendant's motions for a bill of particulars should be granted in each case and that action on all other motions be deferred until the government has filed an appropriate bill in each case. The reasons supporting that exercise of discretionary power requires a brief review of the earlier history of the government's prosecution of the defendant in the now dismissed case of United States v. Alexander J. Barket and Civic Plaza National Bank, No. 73 CR 231–W–1, filed October 11, 1973.

On November 23, 1973, for reasons fully stated, this Court granted a motion to dismiss filed jointly by both the defendants named in that earlier indictment. That indictment attempted in Count I to charge the two named defendants with an alleged violation of 18 U.S.C. § 610. That earlier indictment also attempted to charge defendant Barket in Counts II and III with alleged violations of 18 U.S.C. § 656 and 18 U.S.C. § 1005, respectively. The government appealed

our order of dismissal. That appeal, however, was dismissed by order of the Court of Appeals on the government's motion on January 25, 1974.

The government took no further action until May 9, 1974. On that date the government obtained a new indictment against defendant Barket alone in Case No. 74 CR 141-W-1, entitled United States v. Alexander J. Barket. Still later, and on May 21, 1974, the government attempted to proceed by way of information against the Civic Plaza National Bank alone in Case No. 74 CR 160-W-4, entitled United States v. Civic Plaza National Bank. On June 25, 1974, Judge Hunter dismissed the information filed against the Civic Plaza National Bank on the ground that any action against the defendant Bank was barred by the statute of limitations.

Both the pending case, No. 74 CR 141-W-1 against defendant Barket, and the now dismissed case, No. 74 CR 160-W-4, against the defendant Bank, in substance, realleged in separate charges the same § 610 charges which the government attempted to allege jointly against both defendants in a single count, Count I, in Case No. 73 CR 231-W-1, dismissed on November 23, 1973.

The second case which pends before this Court, Case No. 74 CR 168-W-1, was filed June 12, 1974, and is entitled United States v. Alexander J. Barket. That case relates to an alleged $30,000 contribution to the Regular Democrats on or about July 28, 1970. That indictment, like the indictment in No. 74 CR 141-W-1 (which relates to an alleged $7,500 contribution in connection with the 1968 election) is in two counts.

The first count of each pending indictment alleges that defendant Barket "unlawfully, willfully, and knowingly did consent to the contribution and expenditure of moneys belonging to the Civic Plaza National Bank," in alleged violation of 18 U.S.C. § 610. The second count of each indictment, however, apparently referring to at least portions of the same acts and transactions alleged in Count I, alleges that defendant Barket "with intent to injure and defraud the said Civic Plaza National Bank, did willfully and knowingly misapply and cause to be misapplied money and funds of said bank" in alleged violation of 18 U.S.C. § 656. (Count II in No. 74 CR 168-W-1 also cites, but does not explain, 18 U.S.C. § 2, as an additional alleged violation. That section was not cited in the earlier indictment in No. 73 CR 231-W-1. Nor does the government attempt to charge defendant Barket with an alleged violation of 18 U.S.C. § 1005 in either of the new indictments, as it did earlier in Count III of No. 73 CR 231-W-1.)

As was true in regard to the earlier dismissed case, the form of the government's indictments in the two pending cases has spawned numerous motions in both cases. Many of those motions raise common questions of law. Case No. 74 CR 141-W-1, however, is complicated by what impact, if any, the government's failure to proceed properly against Civic Plaza National Bank by reindictment, rather than by information, may have on the new indictment obtained against defendant Barket in that particular case.

Study of United States v. C. I. O., 335 U.S. 106, 68 S.Ct. 1349, 92 L.Ed. 1849 (1948); United States v. Auto. Workers, 352 U.S. 567, 77 S.Ct. 529, 1 L.Ed.2d 563 (1957); Pipefitters v. United States, 407 U.S. 385, 92 S.Ct. 2247, 33 L.Ed.2d 11 (1972); United States v. Lewis Food Co., (9th Cir. 1966) 366 F.2d 710; United States v. Boyle, (1973) 157 U.S.App. D.C. 166, 482 F.2d 755; United States v. Silverman, (2nd Cir. 1970) 430 F.2d 106; and United States v. Seafarers International U. of No. Amer., (E.D.N.Y.1972) 343 F.Supp. 779, establishes that prosecutions for alleged violations of 18 U.S.C. § 610 usually present many complicated and difficult questions of law. The statute itself, portions of which were enacted as early as 1907, as recognized by the cited cases, is not a model of clarity. We believe it obvious that if the difficulties encountered in the reported cases are to

be avoided, it is essential that the defendant be fully and fairly advised of the details of the government's charges in order that he may properly prepare whatever defense he may have under the circumstances and in order that prejudicial surprise at trial also be avoided.

Other substantial questions are presented by various motions to dismiss and to require the government to elect. Some of those motions cannot be given appropriate consideration until and unless the government is required to file bills of particulars in each case

The procedural situation presented in this case is not totally dissimilar from that presented in United States v. Boston & M. R. Co., 380 U.S. 157, 85 S.Ct. 868, 13 L.Ed.2d 728 (1965). In that case the Supreme Court was required to review on direct appeal a district court order dismissing a prosecution under 15 U.S.C. § 20. The indictment alleged that the defendants had "a substantial interest" in a company which purchased equipment from a railroad without the use of competitive bidding as allegedly required by law. The government had in fact filed a bill of particulars in the district court, but the Supreme Court held that "it is doubtful that this indictment, as illuminated by the bill of particulars, alleges anything more in substance than a bribe." The Supreme Court, however, remanded the case to the district court to permit a more precise allegation of the factual circumstances by way of an amended bill of particulars in order that the motion to dismiss the indictment could be properly ruled in light of the government's considered theory of the prosecution. The Supreme Court stated that "since the Government may choose to file, and the District Court may choose to allow, an amended bill of particulars, we vacate and remand the case, leaving open all questions except our construction of the statute." [380 U.S. at 162, 85 S.Ct. at 871]. Although the defendants in that case were eventually convicted of a violation of 18 U.S.C. § 660, the count of the indictment which attempted to charge a violation of 15 U.S.C.

§ 20 was eventually dismissed. See Glacy v. United States, (1st Cir. 1966) 361 F.2d 31 at 32.

In both pending cases the defendant has filed carefully drawn motions for bills of particulars pursuant to Rule 7 (f) of the Rules of Criminal Procedure. The government refused to furnish any of the information requested in either motion except in regard to paragraph 1 of defendant's motion filed in Case No. 74 CR 141–W–1. In regard to that single paragraph, the government conceded that the "contribution and expenditure" as alleged in Count I in that case referred to a "$7,500 check payable to HHH Missouri drawn on the account of R. E. and June Zatezalo, and signed by June and R. E. Zatezalo, and further that the Government claims that the funds upon which the $7,500 check was drawn represents the net proceeds of an alleged bonus in the gross sum of $9,144 paid to Rudolph E. Zatezalo by Civic Plaza National Bank."

Other than that single response, which simply confirms what has been apparent from the outset of the first prosecution, the government bases its refusal to respond to the defendant's motions on the familiar stock ground that defendant's motions for bills of particulars call for "details of the crime charged and evidentiary material and legal theory which are beyond the scope of a Bill of Particulars."

Both sides have cited an unnecessarily large number of cases in regard to the motions for bills of particulars. District court opinions which reflect the exercise of discretion in particular cases are not controlling because of distinguishable factual circumstances. Courts of Appeals' decisions which hold that a district judge did not abuse his discretion when he refused to grant a Rule 7(f) motion are not authority to support the notion that the district court would have been reversed if the district judge had granted a motion for a bill of particulars.

The government's reliance on a single sentence from United States v. Sermon,

(W.D.Mo.1963) 218 F.Supp. 871, is certainly misplaced. We published our opinion in that case over ten years ago in order that the government and the Bar would be advised that the stereotyped argument that a bill of particulars may not, under any circumstances, require the government to state its evidence and theory of the case would not be accepted by this Court. Rule 7(f) at that time (1963) provided that "the court *for cause* may direct the filing of a bill of particulars." We concluded in *Sermon* that "Paragraph (f) of Rule 7 must be read with paragraph (c) of Rule 7 which provides that the indictment 'shall be a plain, concise, and definite written statement of the essential facts constitúting the offense charged.'" In granting a motion for a bill of particulars in that case, we noted that action would "require [the government] to come out from behind its barricade of short form indictments" and that "when the Rules of Criminal Procedure eliminated the then existent technical and prolix forms of ancient common law indictments, it was not intended that one charged with an offense against the United States would not adequately be apprised of what the Government claimed against him." [Ibid at 872]. See also another 1963 case, Taylor v. United States, (W.D.Mo.1963) 224 F.Supp. 82, 84, in which we stated, with the concurrence of the then Chief Judge Gibson, the late Judge Duncan, and then Judge [now Chief Judge] Becker that "the practice of this Court and the considerations that control the exercise of our judicial discretion are well stated by Mr. Justice [then Judge] Whittaker in United States v. Smith, W.D.Mo.1954, 16 F.R.D. 372."

The requirement of showing "cause," which was present when both *Sermon* and *Taylor* were decided, was eliminated by the 1966 amendment to Rule 7(f). The 1966 Committee Note to Rule 7(f) stated:

> The amendment to the first sentence eliminating the requirement of a show̌ing of cause is designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases. For an illustration of wise use of this discretion see the opinion by Justice Whittaker written when he was a district judge in United States v. Smith, 16 F.R.D. 372 (W.D.Mo.1954) [8 Moore's Federal Practice, ¶ 7.01[3], p. 7–5].

It is apparent that the practise of this Court was consistent with objectives sought by the 1966 amendment to Rule 7(f) long before such amendment was made.

Consistent with Professor Wright's observation in § 131 of Vol. 1, Federal Practice & Procedure (Criminal), p. 296, we have not over the years believed it either necessary or helpful to add to the bulk of the numerous cases which have considered motions for bills of particulars. Professor Wright there stated that:

> As judges have noted, "the precedents furnish little help in disposing of requests for bills of particulars in criminal cases," since even with regard to a particular offense "precedent can be found for every ruling from one extreme to the other." This probably reflects the fact that what is called for is a particularized decision that takes into account the amount of facts stated in the indictment or information that is then before the court.

> The use of precedents is made even more difficult since the 1966 amendment of Rule 7(f) was expressly intended to liberalize the granting of bills of particulars. Accordingly decisions prior to the effective date of that amendment in which bills were refused are of doubtful value as authority. [Ibid, p. 296–297]

Generally speaking, it has not been necessary over the years for this Court to admonish the United States Attorney's office in regard to bills of particulars in a manner similar to Judge Marovitz' statement in United States v. Tanner, (N.D.Ill.1967) 279 F.Supp. 457 at 478.

Over the years the various trial attorneys in the United States Attorney's office have responded responsibly to motions for bills of particulars in light of the well known and well established practice of all the judges of this Court in regard to such motions. In light of the exceptional absence of voluntary response by the United States Attorney's Office in these cases, however, it is not inappropriate to once again in a published opinion indicate our agreement with the well established principles which control the exercise of our discretion in ruling Rule 7(f) motions in all cases which pend in this Court. Professor Wright correctly states that "the function of a bill of particulars is to provide defendant with information about the detail of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial." [§ 129, Vol. 1 Wright, Federal Practice and Procedure (Criminal), p. 283]. Later in the same section it is stated:

The issue on a motion for a bill of particulars is not what the defendant knows but what the government intends to prove. Further, it is no answer to the motion for the government to say: "The defendant knows what he did, and has all the information necessary." Since the defendant is presumed to be innocent he must be presumed to be ignorant of the facts on which the charges are based. [Ibid, pp. 285–286].

Professor Wright cites Judge, later Justice, Whittaker's opinion in United States v. Smith, *supra*, as "the best known statement of this principle." Section 129 of Wright continues by stating that "it is repeated over and over in the cases that a bill of particulars may not call for evidentiary matter" and that other cases "say that the government will not be required to disclose its legal theory on a bill of particulars." Consistent with what we have said above, Professor Wright concludes that "any generalized proposition of this sort must necessarily be unsatisfactory." He makes clear that a bill of particulars, *as such*, is not to be

considered as a means of learning the government's evidence and theories, but he properly states that "to the extent that information is needed for the purposes of the bill, it will be required even if the effect is disclosure of evidence or of theory." [Ibid, p. 287].

Professor Moore's discussion of the cases is completely consistent with that of Professor Wright. In Paragraph 7.06 [1] of 8 Moore's Federal Practice, p. 7–32, he recognizes that "courts commonly state that the purpose of the bill is not to require the government to disclose its evidence." He adds that "the better principle, however, is that evidentiary material should be disclosed if it is necessary for the preparation of the defense and the avoidance of surprise at the trial."

Professor Moore also relied upon Mr. Justice Whittaker's statement to the same effect in United States v. Smith, *supra,* and notes that this view was "explicitly approved" by the Advisory Committee on Criminal Rules when it recommended the elimination of the "cause" requirement in the 1966 amendment of Rule 7(f).

In Paragraph 7.06[2], Professor Moore properly states that:

The bill of particulars may be a useful tool in obtaining information necessary to support a motion attacking the indictment or information, or to provide a basis for a defense at the trial. Indeed, the failure to request a bill may occasionally bar the defendant from raising a defense at a later time. [Ibid, p. 7–35–36]

We know of no way that the defendant in the two pending cases may be in a position properly to prepare his defense or to avoid prejudicial surprise at the trials, particularly in regard to the government's theory as to how it can simultaneously expect to prove under Counts I that the defendant violated § 610 by "consenting" to an alleged illegal contribution made by the Bank and also to maintain in its prosecution of Counts II that the identical acts and transactions in

fact involved a misapplication of the Bank's funds in alleged violation of § 656 unless bills of particulars are ordered in both cases. Case No. 74 CR 168–W–1, in which the defendant is also charged with a violation of 18 U.S.C. § 2, involves additional questions that are not presented in No. 74 CR 141–W–1 which may be clarified only by the granting of defendant's motion in that case.

The orders to be presently entered will reflect our application of the principles to which we have made reference. Those orders will also reflect that we have not granted relief in regard to all of the paragraphs of defendant's respective motions. We believe that the essential information required will be furnished by the government's response to the paragraphs designated in our orders. Should the government's response to those orders prove to be inadequate, a circumstance which we do not anticipate, the last sentence in Rule 7(f) will provide defendant an adequate remedy under the circumstances.

As we have already indicated, our study of all of the other pending motions has convinced us that the ruling of any of the other pending motions should be deferred until after the government will have filed appropriate bills of particulars in both cases. We anticipate that counsel for the respective parties may wish to file supplemental briefs in connection with at least some of the pending motions in light of the government's bills of particulars. We shall therefore add an order which will afford counsel an opportunity to confer and thereafter advise the Court whether either side may desire to file additional briefs and to agree upon a time schedule in connection therewith.

For the reasons stated, it is

Ordered (1) that in Case No. 74 CR 141–W–1, defendant's motion for a bill of particulars should be and is hereby granted to the extent hereinafter indicated. Accordingly, the government shall, on or before September 20, 1974, prepare, serve, and file an appropriate bill of particulars which shall furnish the information requested in the following paragraphs of defendant's motion for bill of particulars, namely:

Paragraphs 1 [repeat information already furnished in order that all data furnished be contained in a single filing], 2, 3, 5, 8 and 9. In lieu of paragraphs 10 through 13, inclusive, the government shall answer paragraph 10 as hereby modified:

10. If, as alleged in Count II, defendant misapplied funds of the Bank for a political contribution without authority of the Board of Directors with intent to injure and defraud the bank, state upon what alleged facts and theory it may be determined that the Bank made a "contribution or expenditure," within the meaning of 18 U.S.C. § 610.

It is further

Ordered (2) that in Case No. 74 CR 168–W–1, defendant's motion for a bill of particulars should be and is hereby granted to the extent hereinafter indicated. Accordingly, the government shall, on or before September 20, 1974, prepare, serve, and file an appropriate bill of particulars which shall furnish the information requested in the following paragraphs of defendant's motion for bill of particulars, namely:

Paragraphs 3, 4, 8, 12 to 17, inclusive, 24 to 29, inclusive, 33 to 36, inclusive, 39, 40, 42, 44 to 46, inclusive, 53, 54, 58, 59, 63, 65, 67 and 68.

It is further

Ordered (3) that on or before September 27, 1974 counsel for the parties shall confer and thereafter jointly advise the Court in writing whether either side wishes to file supplemental briefs in connection with any of the motions pending either in Case No. 74 CR 141–W–1 or 74 CR 168–W–1, and, if so, to present for the Court's approval an agreed time schedule which shall set forth the times when the desired supplemental briefs, if any, may be filed.