### UNITED STATES v. HOSIER et al.
### No. 5895.

District Court, W. D. Louisiana, Shreveport Division.

Feb. 10, 1931.

Philip H. Mecom, U. S. Atty., and E. A. Mottet, Asst. U. S. Atty., both of Shreveport, La.

Thomas W. Robertson, of Shreveport, La., for defendants.

DAWKINS, District Judge.

In the above numbered and entitled cause defendants have filed motions for a bill of particulars and to quash the indictment.

The charge is one of conspiracy, and the motion for particulars asks that the government be required to "name all the persons with whom said conspiracy was alleged to have been entered into," and "that the date on which said conspiracy is alleged to have been formed and entered into be given," the time it is alleged to have existed, place where same was committed, and where it was begun or started; and, further, whether the government will attempt to introduce proof as to other overt acts than the twelve alleged in the indictment; that, on failure so to do, its proof be limited to those alleged; and, finally, "if any search warrant were used that same be produced and filed."

The reason for seeking to quash the bill is, as alleged by defendants, that Hosier and Renno were charged to have conspired with some fifteen other defendants, who were not indicted, and, in view of this fact, that "said named parties other than the said movers, are alleged to be co-defendants, and therefore cannot be used as witnesses against your movers."

The motions were submitted December 5, 1930, on briefs to be filed within twenty days, but up to this time none have been furnished by either side. Inasmuch as the regular term of court convenes on the 16th of February, 1931, the matter will now be disposed of.

As to the motion for a bill of particulars, the same does name specifically fifteen of the persons with whom defendants are alleged to have conspired, and "with divers other persons to your grand jurors unknown." If the "other persons" are really unknown to the prosecution, this would not prevent it from making proof of their existence and activities, but, should the defendants be taken by surprise, they will be afforded reasonable opportunity to meet the proof offered by the government. The date of entering into the conspiracy is also sufficiently alleged, in that it is charged to have commenced on June 1, 1924, and continued until "about August 1, 1930," and the place set forth is Bossier parish, within the jurisdiction of this court. The government does not have to allege the details of its evidence, and, if it proves the alleged unlawful agreement, and that the same was made in Bossier parish, this would be sufficient. The prosecution will, of course, be entitled to offer proof of any of the twelve

overt acts alleged, and my appreciation of the law is that others may be shown, but only as corroborative of those charged, but the defendants could not be convicted, unless the prosecution successfully established at least one of the acts alleged. If any search warrant was used, the defendants may ascertain that fact from the records of the Commissioner, as well as the prosecution, but there is no motion to suppress any of the evidence before the court, and hence the relevancy of a search warrant at this times does not appear.

The motion for particulars will therefore be overruled.

█ With reference to the motion to quash, it was within the judgment of the grand jury as to who should be indicted and over which the court has no control. Whether or not the other persons named and not indicted may be used as witnesses will be determined at the proper time when the case is tried.

The motion to quash will also be overruled.

The rights of the defendants are reserved to present and have settled bills of exception or other matters necessary to properly present these rulings to the appellate court.