**UNITED STATES of America**

v.

**Joseph Anthony PIGNONE.**

**Cr. No. 10138.**

United States District Court
D. Connecticut.

June 14, 1960.

Harry W. Hultgren, Jr., U. S. Atty., Hartford, Conn., Francis M. McDonald, Asst. U. S. Atty., Waterbury, Conn., for the United States.

Alexander A. Goldfarb, Hartford, Conn., for defendant.

SMITH, District Judge.

The defendant, Joseph Anthony Pignone, has been charged in an indictment with conspiracy to evade and defeat the payment of the Occupational Stamp Tax in violation of Title 26 U.S.C. § 7201. The indictment charges a conspiracy with eight other unnamed co-conspirators. The overt acts are alleged to have been participated in by the eight other unnamed co-conspirators. The government charges that the defendant received racing results and passed these results on to the eight other unnamed co-conspirators after receiving phone calls from these persons for this purpose. It is further charged that the eight other unnamed co-conspirators compensated the defendant for furnishing them with this information. The defendant now moves for a bill of particulars asking that the government be ordered to furnish the defendant with the names and addresses of the eight unnamed co-conspirators referred to in the indictment.

An indictment must be sufficiently specific to advise the defendant of the nature and cause of the accusation in order that he may meet it and prepare for trial, and after judgment be able to plead the record and judgment in bar of a prosecution for the same offense. Wong Tai v. United States, 1927, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545. The present indictment is completely silent on the identity of the co-conspirators with whom the defendant is charged with having en-

gaged in a conspiracy from September 1, 1959 to and including April 27, 1960. As such, the indictment lacks the specificity which was found in cases where some of the co-conspirators were named with others left unnamed. See e. g. United States v. Hosier, D.C.W.D.La.1931, 50 F.2d 971. The defendant is entitled to the names and addresses of those co-conspirators which are known to the government so that the defendant may adequately meet the charges against him.

The motion for a bill of particulars is granted to the extent that the information requested is known to the government.