**UNITED STATES of America**

v.

**Helen Asvestas GIRAMONTI.**

**Cr. No. 10130.**

United States District Court
D. Connecticut.

Oct. 27, 1960.

Harry W. Hultgren, Jr., U. S. Atty., Hartford, Conn.

H. David Leventhal, Hartford, Conn., for defendant.

TIMBERS, District Judge.

Defendant moves, pursuant to Rule 7 (f), Fed.R.Crim.P., 18 U.S.C., for a bill of particulars with respect to the indictment and, pursuant to Rule 16, Fed.R. Crim.P., for inspection of a document referred to in the indictment.

The indictment, in one count, charges defendant, Helen Asvestas Giramonti, with having uttered and passed a forged Post Office Money Order, knowing a material signature or indorsement to be false, with intent to defraud the United States or one Joseph J. Pacyna, in violation of 18 U.S.C. § 500. The indictment specifies that the alleged offense occurred on or about January 7, 1960 at Berlin, Connecticut.

■ Defendant moves for a bill of particulars asking that the government be ordered to set forth the following:

1. The exact place at which the alleged crime is alleged to have been committed.

2. The name and address of each and every person who was present at the time of the commission of the alleged crime.

3. The exact time at which the alleged crime is alleged to have been committed.

Defendant further moves for an order directing the government to permit defendant to inspect, copy and photograph the money order referred to in the indictment.

■ The function of a bill of particulars in a criminal case is to render an indictment sufficiently specific to apprise a defendant, as required by the Sixth Amendment of the Constitution of the United States, of the nature and cause of the accusation in order that he may prepare for trial; may be spared surprise at the trial; and, after judgment, may be able to plead the record and judgment in bar of a further prosecution for the same offense. Wong Tai v. United States, 1927, 273 U.S. 77, 80–81, 47 S.Ct. 300, 71 L.Ed. 545; United States v. Russo, 2 Cir., 1958, 260 F.2d 849, 850; United States v. Dolan, D.C.D.Conn.1953, 113 F. Supp. 757, 759; United States v. Pignone, D.C.D.Conn.1960, 189 F.Supp. 532.

With respect to Item 1 requested by defendant in her motion for a bill of particulars in the instant case, the government is directed to inform defendant of the exact place at which the alleged crime was alleged to have been committed. The government has indicated its willingness voluntarily to furnish defendant with this information.

With respect to Item 2, the government will not be required to furnish defendant with the name and address of each and every person who was present at the time of the commission of the alleged crime. Such information is not necessary in order to advise defendant of the nature and cause of the accusation. Courts have been reluctant to require the government to furnish a bill of particulars disclosing names of potential witnesses except, as required by 18 U.S.C. § 3432, in cases where a person is charged with treason or other capital offense. United States v. Schneiderman, D.C.S.D.Cal.1952, 104 F. Supp. 405, 409, and cases therein cited. At the time of the argument of the instant motion, defendant's counsel stated that the information requested in Item 2 was necessary to enable defendant to prepare an alibi. Counsel's candor is commendable but it does not constitute sufficient cause for the granting of this branch of defendant's motion.

With respect to Item 3, the government is directed to inform defendant as to whether the alleged crime is alleged to have been committed in the morning, the afternoon or the evening of January 7, 1960.

With respect to defendant's motion to inspect, copy and photograph the money order referred to in the indictment, the government has indicated its willingness to comply. Defendant's motion in this respect therefore is granted upon consent.

The government is directed to serve and file, within one week from the date of this decision, a bill of particulars with respect to Items 1 and 3 of defendant's motion for a bill of particulars and to the extent indicated herein. In all other respects defendant's motion for a bill of particulars is denied.