### UNITED STATES of America
### v.
### BAKER BRUSH COMPANY, Inc., Defendant.

United States District Court
S. D. New York.

Sept. 22, 1961.

---

Robert M. Morgenthau, U. S. Atty., for S. D. New York, New York City, for the United States, Thomas Day Edwards, Asst. U. S. Atty., New York City, of counsel.

Graubard & Moskovitz, New York City, for defendant; Irving Moskovitz, New York City, of counsel.

SUGARMAN, District Judge.

In a one count indictment filed March 17, 1961, it is charged that the defendant, Baker Brush Company, Inc.

"On or about the 22nd day of March, 1956 * * * unlawfully, wilfully and knowingly did receive, conceal and buy and did facilitate the transportation, concealment and sale of merchandise, to wit, hog bristles, after importation, knowing the same to have been imported and brought into the United States contrary to law."

The defendant timely moves "for a Bill of Particulars as to the following matters:

"1. Set forth the act or acts alleged to have occurred on the 22nd day of March, 1956 which constituted unlawfully, willfully, and knowingly, receiving, concealing, buying and facilitating the transportation, concealment and sale of hog bristles as alleged in the indictment.

"2. Set forth the approximate time of day and the place where the act or acts allegedly took place."

In its brief in support of the motion defendant explains its first demand thus:

"Manifestly, defendant is entitled for purposes of preparing its defense to know whether the crime charged consisted of the receiving or the concealing or the buying of the merchandise or whether it consisted of facilitating the transportation, concealment and sale thereof and the particular acts claimed to constitute the crime charged. If the government bases its case on the claim that defendant received the merchandise for example, then defendant will not be required to prepare a defense as to concealing, buying, etc. To require such a disclosure will not require the government to disclose its evidence but at the same time will permit the defendant adequately to prepare for trial."

Its position is well taken. A parallel situation confronted the Sixth Circuit in Wright v. United States.[1] There it was said:

"A general reference to 26 U.S.C. Section 5821, which contains a number of paragraphs describing different offenses, was not sufficient. Defendant was entitled not only to be fairly informed of the crime meant

---

1. 1957, 243 F.2d 546, 547.

to be charged but also to be protected from a second prosecution for the same act or acts. Ross v. United States, 6 Cir., 180 F.2d 160; United States v. Bickford, 9 Cir., 168 F. 2d 26. He was entitled to know what particular paragraph or paragraphs of Section 5821 he was charged with violating and the facts constituting such violation should have been stated in detail.

\* \* \* \* \* \*

"Where a statute defines several separate offenses a mere reference to the statute in the indictment does not fulfill the requirements of Fed. Rules Cr.Proc. rule 7(c) that the indictment shall be a 'definite written statement of the essential facts constituting the offense charged.'

" \* \* \* Defendant should have moved in accordance with Fed.Rules Cr.Proc. rule 7(f) for a bill of particulars."

 In its brief in support of the motion defendant explains its second demand thus:

"An exact statement of the time the acts were alleged to have taken place is necessary to enable the defendant to prepare its defense. The statute of limitations applicable to the crime charged is five years. The indictment was handed down on March 13, 1961 and charges a crime committed on or about the 22nd day of March, 1956. So far as the defendant is aware, nothing took place after March 12, 1956, which could be the subject of this indictment. Thus, the indictment was handed down only a week before expiration of the period of limitations. It may well be that a particularization of the charges showing the time and place will show that the indictment was not brought within the time prescribed by law and will render unnecessary any trial of the action."

Here again defendant's position is well taken. In Singer v. United States [2] it was said that

"A bill of particulars would have enabled the defendant on the one hand to prepare his defense, or, on the other, *to attack the indictment.*" (Emphasis supplied.)

Motion granted. It is so ordered.