**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Pedro PEREZ, Defendant-Appellant.**

**No. 73-2770
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1974.

Rehearing Denied March 6, 1974.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Lawrence E. Hoffman, Miami Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., Scott P. Crampton, Meyer Rothwacks, Asst. Attys. Gen., Richard B. Buhrman, Patrick J. Sheedy, William A. Whitledge, Attys., Tax Div. Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before WISDOM, AINSWORTH and CLARK, Circuit Judges.

PER CURIAM:

Pedro Perez appeals from a judgment of conviction after a jury found him guilty on four counts of an indictment, covering the calendar years 1966, 1967, and 1968 and 1969, respectively, charging the wilful making and subscribing of income tax returns, under penalties of perjury, which he did not believe to be true and correct as to every material matter, in violation of 26 U.S.C. § 7206. The evidence shows that Perez failed to

disclose on his returns that he was engaged in a gambling enterprise ("bolita") for four consecutive years and that he derived a substantial income from that enterprise, which was unreported.

Appellant makes the following assignments of error:

 1. He contends that he was denied a fair and impartial trial because the Government was permitted to amend its bill of particulars by increasing the amount of income it intended to prove, after the trial had commenced and that the Government adduced testimony in support thereof. A bill of particulars may be amended at any time, and the decision to allow an amendment is within the discretion of the trial court, which decision will be reversed only on a showing of prejudice or clear abuse of discretion by the trial court. United States v. Theriault, 5 Cir., 1973, 474 F.2d 359; Mitchell v. United States, 5 Cir., 1968, 404 F.2d 609. We find neither prejudice to the defendant nor abuse by the trial court in allowing the amendment.

2. Appellant contends that despite two admonitions by the trial judge, a witness testified to an unindicted crime or criminal tendency by the accused. The witness testified that appellant said "if he or his writers would get picked up he had enough connections that he would or was sure that he could fix the case." The trial judge immediately instructed the jury to disregard the response as it was entirely unrelated to the proceedings. Any possible prejudice to defendant was cured by the trial judge's admonition to the jury.

3. Appellant contends that the prosecution became aware of perjury on the part of Government witnesses and did not forthwith reveal this fact to the court and jury. The witness testified that he had never spoken to an agent of the Government and particularly that he had never discussed the facts of the case with such an agent. On redirect examination of the witness the Assistant United States Attorney attempted to refresh his memory relative to a prior conversation between the witness and himself. The Assistant United States Attorney later explained to the court in a bench conference that he thought the witness was confused, and informed the court that he had talked with the witness on the previous day. Thus the Government fully met its duty of disclosure.

4. Finally, appellant contends that the proof failed to demonstrate a substantial profit from a gambling enterprise. The evidence shows that in one year alone, 1969, appellant's profit was at least $50,000, which was unreported on his return.

Affirmed.