STATE of Tennessee, Plaintiff-Appellee,

v.

Delbert HICKS, Defendant-Appellant.

Supreme Court of Tennessee,
at Knoxville.

March 5, 1984.

J. Andrew Hoyal, II, Asst. Atty. Gen., Nashville, for plaintiff-appellee; William M. Leech, Jr., Atty. Gen., of counsel.

J. Scott McCluen, Harriman, for defendant-appellant.

## OPINION

BROCK, Justice.

Under a four-count indictment the defendant was convicted of two counts of

aggravated rape, one of a stepdaughter, and the other of a stepson, and received sentences of 20 years each which were ordered to run concurrently.

In the first count of the indictment it was charged that:

"... on a certain day of _____, A.D., 1980, and subsequent thereto in the county of Roane [the defendant] did then and there unlawfully and feloniously accomplish sexual penetration of [the victim], a child less than 13 years of age, contrary to the form of the statute, *et cetera*."

Count three of the indictment charged:

"... that, on the day in the year aforesaid, the [defendant] unlawfully, and feloniously did accomplish sexual penetration of [second victim], a child less than 13 years of age, *et cetera*."

Well prior to trial, the defendant filed a motion

"... for a bill of particulars on the grounds that further information and detail regarding the day and place of the crimes alleged in the indictment in counts one, two, three and four is necessary for the defendant to frame a proper defense...."

This motion for a bill of particulars was denied by the trial court as was defendant's motion for a new trial which, in part, alleged error of the trial court in denying the motion for a bill of particulars. The Court of Criminal Appeals, in a two-to-one decision, Judge Daugherty dissenting, concluded that the trial court did not err in denying the motion for a bill of particulars, finding no abuse of discretion. We granted review at the request of the defendant to consider the bill of particulars issue.

Rule 7(c), Tennessee Rules of Criminal Procedure, (effective July 13, 1978), provides:

"Bill of Particulars. Upon motion of the defendant the court may direct the filing of a bill of particulars so as to adequately identify the offense charged."

The drafting committee's comment to this rule is as follows:

"Subsection (c) provides for a bill of particulars where needed by the defendant in order that the defendant can know precisely what he is charged with. This provision is to be construed to serve that singular purpose, and is not meant to be used for purposes of broad discovery."

Our rule closely parallels Rule 7(f) of the Federal Rules of Criminal Procedure which provides:

"Bill of Particulars. The court may direct the filing of a bill of particulars. A motion for a bill of particulars may be made before arraignment or within ten days after arraignment or at such later time as the court may permit. A bill of particulars may be amended at any time subject to such conditions as justice requires. As amended February 28, 1966, effective July 1, 1966." [1]

Tennessee criminal procedure did not provide for a bill of particulars prior to the adoption of Rule 7(c) in 1978. Moreover, there has been little or no development of case law regarding Rule 7(c) since its adoption. However, we may look for guidance to the Federal cases construing the 1966 revision of Federal Rule 7(f) of the Federal Rules of Criminal Procedure and to cases from other states. This is true although it has been aptly observed:

"As judges have noted, 'the precedents furnish little help in disposing of requests for bills of particulars in criminal cases,' (citation omitted) since even with regard to a particular offense 'precedent can be found for every ruling from one extreme to the other.' (Citation omitted.) This probably reflects the fact that what is called for is a particularized decision that takes into account the amount of facts stated in the indictment or information that is then before the court." 1 C. Wright *Federal Practice and Procedure*, Criminal, § 131 (1982) at 296.

**1.** Prior to the 1966 revision, the Federal rule provided for a bill of particulars only "for

cause."

We note with approval the following observations found in 1 C. Wright *Federal Practice and Procedure*, Criminal, § 129 (1982) at 434:

"The sufficiency of the indictment or information is irrelevant in determining whether to order a bill of particulars. If the indictment or information is insufficient, it must be dismissed, and cannot be saved by a bill of particulars. The fact that it is sufficient is not an argument against granting the bill.

"The function of a bill of particulars is to provide defendant with information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial. A good many cases also mention an additional function of permitting the defendant to plead double jeopardy in the event of a subsequent prosecution of the same offense, but it may be doubted whether this really adds anything to the functions previously described.

"*The test in passing on a motion for a bill of particulars should be whether it is necessary that defendant have the particulars sought in order to prepare his defense and in order that prejudicial surprise will be avoided.* A defendant should be given enough information about the events charged so that he may, by the use of diligence, prepare adequately for the trial. If the needed information is in the indictment or information, then no bill of particulars is required. The same result is reached if the government has provided the information called for in some other satisfactory form.

"A great many cases say that a defendant is not entitled to particulars if he has the means to ascertain the facts himself. Perhaps in some circumstances this is a valid proposition but there are severe limitations on it. *The issue on a motion for a bill of particulars is not what the defendant knows but what the government intends to prove.* Further, it is no answer to the motion for the government to say: 'The defendant knows what he did, and has all the information necessary.' Since the defendant is presumed to be innocent he must be presumed to be ignorant of the facts on which the charges are based.

"... The bill of particulars, as was said before, is intended to give the defendant enough information about the charge so that he may adequately prepare his defense and so that surprise will be avoided. It is not intended, as such, as a means of learning the government's evidence and theories. But to the extent that information is needed for the proper purposes of the bill, it will be required even if the effect is disclosure of evidence or of theories.

"It is probably true that defendant can be sufficiently advised of the nature of the charge without requiring the government to go into matters of detail or to lay out its entire case or to state its legal conclusions. But these should not be regarded as rules in themselves and the sole question should be whether adequate notice of the charge has been given to the defendant. *Thus in order for the defendant to know against what he must defend it will frequently be necessary to require the government to disclose the time and place of the alleged offense, and the names of the persons present when the offense took place.*" (Citations and footnotes omitted.) (Emphasis added.)

Many are the "grounds" advanced that are held to be insufficient for ordering a bill of particulars; but, motions seeking a particularization of the time and place of the alleged offense are routinely granted as being necessary in order for the defendant to know against what he must defend, what the prosecution intends to prove. *United States v. Giramonti*, 26 F.R.D. 168 (D.C.Conn.1960); *United States v. Wilson*, 20 F.R.D. 569 (D.C.N.Y.1957); *United States v. Baker Brush Company*, 197 F.Supp. 922 (D.C.N.Y.1961); *United States v. Macleod Bureau*, 6 F.R.D. 590 (D.C. Mass.1947); *United States v. Tedesco*, 441 F.Supp. 1336 (D.C.Pa.1977); 41 Am.Jur.2d

*Indictments and Informations* § 169 (1968).

The issue before us is not whether the indictment in this case was legally sufficient but whether or not the defendant's timely motion for a bill of particulars respecting the time and place of the offenses charged should have been granted under Rule 7(c), Tennessee Rules of Criminal Procedure. We are of the opinion that the defendant's motion should have been granted and that the trial court committed reversible error in denying that motion. *King v. United States*, 402 F.2d 289, 292 (10th Cir.1968). We quote approvingly from the dissenting opinion of Judge Daugherty in the instant case:

> "In this case, the State undoubtedly could have provided the defendant with an approximate idea of when during the 14 month period covered in the indictment the offenses alleged occurred, as well as identifying the location more precisely than by saying merely that the offenses were committed somewhere in Roane County. As it turned out, the latter point was crucial to the defendant's ability to defend, and because the information was withheld prior to trial, the defense could not be developed until after the verdict was returned, a point in time which the majority now dismisses as being too late.
>
> "It was the prosecution's theory at trial that the sexual assault on one of the victims occurred at a gas station in the Little Emory area of Roane County. Thus, the only place about which the district attorney questioned the victim was the Little Emory area, and the district attorney had an investigator from the Roane County sheriff's department testify for the sole purpose of establishing that there was a grocery store that sold gas in the Little Emory area. Although the majority concludes that the jury could have interpreted the victim's testimony to mean that the incident happened at a place other than the Little Emory area, the clear meaning of the testimony shows otherwise:

> "Q. (to Victim): Can you tell us whether or not you ever went over to the Little Emory area of Harriman?
>
> "A. (of victim): Yeah.
>
> "Q. Do you know whether or not there is a service station over there?
>
> "A. Yeah.
>
> "Q. Tell us whether or not you have been to a service station in Little Emory with this defendant.
>
> "A. We use to go over there and empty garbage and stuff, and then him, me and him and Leon went to pick up some garbage, then we went and got some gas and stuff, and then he stuck his thing in my mouth.
>
> "Q. Let's back up a little bit ..., if you will; did you stop at the service station on that day that you are telling us about?
>
> "A. Yeah.
>
> "Q. Did you go anywhere there at the service station?
>
> "A. Yeah.
>
> "Q. Tell the jury where you went.
>
> "A. In the bathroom.

> "Because the defendant has been unable to find out where the incident allegedly occurred from reading the indictment and was subsequently refused a bill of particulars, he was unprepared to refute this testimony at trial. Prejudicial surprise was made all the more evident by the fact that the defendant obtained several affidavits in support of his motion for a new trial stating that there were no gas stations or grocery stores with gas pumps in the Little Emory area that had restroom facilities....

> \* \* \* \* \* \*

> "By their very nature, the charges in this indictment would be difficult to meet without more information concerning the time the alleged offenses occurred, even if exact dates could not be given. Moreover, the defendant was clearly taken by surprise when testimony regarding the location of one of the alleged offenses was introduced at trial. Finally, particularization of dates during the 14 month

period alleged would create a record that would later permit the defendant to make an effective plea of double jeopardy, if that became necessary.

"The bill of particulars was created to fill a purpose, and nowhere does its function appear more obvious than in the case before us. If particularization is not appropriate here, then the provision in Rule 7(c) is meaningless."

We agree and we conclude that the trial court committed reversible error in denying defendant's motion for a bill of particulars. Accordingly, the judgment of the Court of Criminal Appeals and that of the trial court are reversed and this cause is remanded to the trial court for a new trial. Costs incurred upon appeal are taxed against the appellee.

FONES, C.J., and COOPER, HARBISON and DROWOTA, JJ., concur.