# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### September 27, 2005 Session

## STATE OF TENNESSEE v. BRADLEY NOBLE

**Direct Appeal from the Criminal Court for Knox County**
**No. 67847     Mary Beth Leibowitz, Judge**

---

**No. E2005-00011-CCA-R3-CD - Filed February 10, 2006**

---

The State appeals the Knox County Criminal Court's dismissal of a presentment charging the defendant, Bradley Noble, with the rape of a five-year-old child at a day care center. The presentment charged the defendant, a former employee of the center, with digitally penetrating the victim's anus on an unspecified day in March 1999. In a subsequent bill of particulars, the State narrowed the time of the offense to between 3:20 and 5:29 p.m. on March 10, 1999. During the defendant's first trial, which ended in a mistrial, defense counsel revealed in opening arguments that he intended to prove that the defendant had not been alone with the victim during the time alleged in the bill of particulars. Following the mistrial, the State filed a "Superceding Bill of Particulars," which reverted back to the general time frame of the presentment. The defendant moved to dismiss the presentment, and the trial court granted the motion. We reverse the order of the trial court, reinstate the presentment, and remand to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Remanded**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Kevin Allen, Assistant District Attorney General, for the appellant, State of Tennessee.

Herbert S. Moncier, Knoxville, Tennessee, for the appellee, Bradley Noble.

**OPINION**

**FACTS and PROCEDURAL HISTORY**

On April 8, 1999, the Knox County Grand Jury returned a presentment charging that the defendant

> [o]n or about the ___ day of March, 1999, in the State and County aforesaid, did unlawfully and recklessly sexually penetrate [the victim], a child less than thirteen (13) years of age, by placing his finger in the anal opening of [the victim], in violation of T.C.A. 39-13-522, and against the peace and dignity of the State of Tennessee.

In a June 1999 Motion for Notice of Alibi, and again in a November 1999 response to the defendant's motion for a bill of particulars, the State narrowed the time of the offense to the late afternoon hours of March 10, 1999. Specifically, the State's "Response to Motion for Bill of Particulars" states in pertinent part:

> That the penetration of [the victim] by the defendant occurred at the Fifth Avenue Day Care, located at 2500 E. Fifth Avenue, Knox County Tennessee. This abuse occurred between 3:20 p.m. and 5:29 p.m. on March 10, 1999. [The victim] and [the defendant] were the only two in the room at the time. This abuse consisted of those acts as described in the Presentment in this cause.

Subsequent hearings revealed that the State based the times in the bill of particulars on the day care's attendance records, which purportedly showed when the victim checked in and out of the day care on March 10. During opening statements at the defendant's November 1-2, 2004, trial, the prosecutor told the jury that on March 10, 1999, the victim arrived at the day care center to find his class already at "snack time" in the cafeteria, the victim put his things up and joined his class for snacks, and when he was returning from the cafeteria with his class the defendant grabbed him out of the line, took him into an empty classroom, and raped him by repeatedly penetrating the victim's anus with his finger.

Referring to the day care center's "snack sheet" records, among other evidence, defense counsel then informed the jury that he intended to prove that the defendant and the victim had not been alone together during the time the offense was alleged to have occurred. The prosecutor objected to defense counsel's reference to the bill of particulars, arguing that the State was not bound by it and would have to make an election of proof at the end of trial. The prosecutor also informed the trial court that although the bill of particulars stated 3:20 p.m. as the earliest time the offense had occurred, the bus that had delivered the victim to the day care center that day had "let out at 2:45." The trial court advised defense counsel to avoid further discussion of the bill of particulars and to complete his opening argument. Thereafter, the trial continued with the presentation of the State's case-in-chief.

The victim's mother, Loreasa Harris, testified that she first noticed something wrong with the victim on Wednesday or Thursday evening, March 10 or 11, when she was giving him a bath. She said the victim clenched his buttocks together and would not let her wash him, telling her that it hurt. She stated that the victim exhibited similar behavior again the next day and when she and her sister examined him on Friday, they discovered that his anus was red and inflamed. They then questioned the victim, learned what had happened, and took him to the emergency room.

Ms. Harris further testified that she and the victim were interviewed by Knoxville Police Investigator Starr Perrin and others at the Knoxville Police Department on Sunday, March 14, 1999. On cross-examination, she maintained that she had given a statement to police on Sunday, March 14, and not just on the Tuesday, March 16, date that was reflected in defense counsel's records. Following her testimony, the prosecutor provided defense counsel with newly discovered notes from Investigator Perrin's files, which showed that, contrary to counsel's records, Investigator Perrin had interviewed Ms. Harris and the victim on Sunday, March 14. Upon receipt of this information, defense counsel immediately moved for a mistrial, arguing that the newly discovered evidence would bestow instant credibility on the witness and unfairly prejudice the defendant's case. Defense counsel acknowledged there was neither prosecutorial nor judicial misconduct involved in his late receipt of the evidence and offered to waive any claim of double jeopardy.

After hearing arguments from counsel and conducting a colloquy with the defendant to ensure that he understood what his counsel was proposing, the trial court declared a mistrial without prejudice to either party:

> We have a jury which has heard one witness, and [defense counsel] has received this statement, whatever nature of a statement it is under the rules[,] of Ms. Harris, after her testimony. He has constructed so far as I can tell the following defense for his client. He has told the jury that the dates and times were crucial, but they must look at all of the dates and times and how this couldn't have happened and when it happened. He has said that [the defendant] did not do these acts and that he denies doing these acts and says that he is not guilty. He has said that the State cannot prove beyond a reasonable doubt that these acts can be done. He had worked diligently, sometimes over objection and rulings, to cross-examine Ms. Harris about the dates and times. And she stuck to that there were two statements.
>
> Only after all that did [defense counsel] receive that second statement. . . . And basically, he is now put in a position where he either has to say, "The things I've told you about [the defendant's] case are -- I was wrong about," which affects both her credibility as a witness and in some ways bolsters her credibility as witness. And there's nothing wrong with bolstering your credibility. But it also materially affects, in my view, [the defendant's] case without any fault of his own.
>
> . . . .

I hereby, therefore, declare a mistrial without prejudice to the State or the defense and -- well, without prejudice to the State, frankly. And I'm going to set another trial date.

A few days later, on November 8, 2004, and without seeking the trial court's permission, the State filed a "Superceding Bill of Particulars," which stated in pertinent part:

The crimes alleged in the above styled presentment occurred on a day in March, 1999 in a classroom at the Fifth Avenue Day Care, located at 2500 E. Fifth Avenue, Knox County Tennessee, where only [the victim] and this defendant were present. This Bill of Particulars supercedes and wholly replaces all previous Bill of Particulars filed.

On November 17, 2004, the defendant responded with a "Motion to Dismiss for Failure to File a Meaningful Bill of Particulars or for Alternative Relief to Strike the State's 'Superceding Bill of Particulars' or to Disqualify the Knox County District Attorney General's Office." The defendant asserted that there was no procedure for the State to supercede or substitute a previously filed bill of particulars without motion and leave of the court; the defendant's right to a fair trial was violated by the State's "Superceding Bill of Particulars," which broadened the time of the offense; and the original bill of particulars constituted a prior inconsistent statement by the State, requiring disqualification of the district attorney general's office because the prosecutors would be material witnesses at trial. While acknowledging that he had specifically waived any double jeopardy issues pertaining to the mistrial, the defendant asserted that it was fundamentally unfair and a violation of his due process rights for the State to revert back to the general time frame of the presentment after having learned that the defense strategy was based on proving that the offense could not have occurred during the time period alleged in the original bill of particulars.

On November 30, 2004, the defendant filed an "Amended and Supplemental Motion to Dismiss for Failure to File a Meaningful Bill of Particulars." In that motion, he asserted that the superceding bill of particulars in essence amounted to an attempt to amend the presentment without leave of the trial court. He further contended that jeopardy had attached upon the swearing of the jury at the first trial, thereby precluding the State from amending the presentment without violating double jeopardy. The defendant also asserted that, because a bill of particulars serves to narrow the allegations in a presentment, the rules governing the amendment of a presentment apply to the bill of particulars. Finally, the defendant argued that the trial court's striking of the supplemental bill of particulars would not correct the prejudice caused to the defendant, given the fact that the State had admitted that the time frame in the original bill of particulars was incorrect.

In the State's "Response to Defendant's Amended Motion to Dismiss," the prosecutor explained that on the Friday before the Monday trial, defense counsel had faxed his response to the State's reciprocal discovery request, which included employee time records and the daily "snack sheet," which the prosecutor had not seen before. The prosecutor further explained:

It was then that the State became aware that a *potential* variance may exist within the Bill of Particulars previously filed, but that potential variance will exist only if the defense chose to call the defendant and/or certain witnesses from the Fifth Avenue Day Care. Specifically, that the defendant may call witnesses who would testify that the child arrived at the Day Care facility around 2:45 pm, (some 35 minutes prior to the time of 3:20 pm listed in the bill of particulars) in order to get to "snack time" consistent with the documents the defendant forwarded on the Friday before trial.

At the conclusion of the hearing on the motions, the trial court, agreeing with the defendant that jeopardy had attached with the original bill of particulars, ruled that the State was bound by the original bill of particulars but that the potential variance problem raised by the "snack sheet" and other day care center records did not necessitate the dismissal of the presentment:

> Now, in this case that was what adequately identified the offense charge, that is, the bill of particulars. And I think that . . . if we were to go to trial in this case, that the State is bound by the original bill of particulars. The reasons for that are as follows: one, in effect, a jeopardy attached, whether we have now withdrawn that jeopardy and started over again or not, that is the case upon which the State gave notice.

> Two, because the defendant has not consented to an amendment . . . .

> . . . .

> Now, we have a different bill of particulars which broadens what [defense counsel] must defend against and broadens the notice to the defendant, and it's the notice to the defendant that's the issue, not necessarily whether or not there could be a variance to be proven, at least from . . . this part of this argument. And I don't think he had adequate notice.

> And I think that you're right about the leave of Court. I think once . . . we've begun a trial and he's defended against the charge -- and I may be -- I mean this . . . is new law. I've never seen anything like that before -- that this is the theory of the defense. And . . . in [State v.] Hicks [666 S.W.2d 54 (Tenn. 1984)] it says now it may not be adequate or there may be a variance, but you've got to try the whole case. But trying the whole case means trying the original case, not trying the case upon which a new bill of particulars is now filed.

However, upon the prosecutor's announcement that the State could reindict the defendant for an offense outside the original bill of particulars, the trial court changed its ruling and dismissed the presentment. When questioned by the prosecutor, the trial court explained its ruling:

No. I first ruled that you would have to go back to the original, that the new bill of particulars would have to be stricken. But, in effect, the -- going back to that bill of particulars, if it is not adequate, if it only confines to a particular period of time that -- that we all agree probably wasn't the adequate time, if in fact that's what you're saying, I don't think you can go back and reindict him for another charge, if that's what you're -- if that's -- if that's the point. If that's the point, then I think that -- I think that jeopardy in that sense has probably attached to . . . [defense counsel's] case and that he's correct.

On December 1, 2004, the trial court entered the written judgment reflecting that the presentment had been dismissed; and the State then filed a timely notice of appeal to this court.

## **ANALYSIS**

The State raises the following issue on appeal:

Whether the trial court erred by dismissing the presentment based on its perceived failure of the State to file an adequate bill of particulars after the State indicated that the defendant's proof at trial might suggest that the child arrived at the day care center thirty-five minutes earlier tha[n] the time alleged in the original bill of particulars.

The State argues that the trial court abused its discretion in dismissing the presentment based on the mere possibility that a variance would exist between the proof at trial and the original bill of particulars. The State also argues that the trial court erred in finding that the superceding bill of particulars amounted to an improper amendment of the presentment. Citing State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991), among other cases, the State contends that the trial court should have allowed the case to proceed to trial in order to determine if the proof created a variance and, if so, whether such variance was material and fatal.

The defendant responds with seven separate issues, which we have condensed into the following four: (1) whether the trial court abused its discretion in dismissing the presentment; (2) whether the State waived any issue on appeal pertaining to the superceding bill of particulars by its failure to seek leave of the trial court to amend or substitute the original bill of particulars; (3) whether the State is prohibited from taking a different position on appeal with respect to the potential variance than it took in the trial court; and (4) whether the Knox County District Attorney General's Office is disqualified because attorneys from that office will become material witnesses if the presentment is not dismissed.

Because the resolution of these issues necessarily affects our analysis of the central issue in this case, we will first address the defendant's arguments with respect to waiver, the State's allegedly having taken a different position on appeal than it took in the trial court and the disqualification of the district attorney general's office.

# I.  Waiver

The defendant first argues that the State has waived any issue on appeal pertaining to the "Superceding Bill of Particulars" by its failure to file a motion seeking leave of the trial court to amend or substitute the original bill of particulars.  We respectfully disagree.

> Rule 7(b) of the Tennessee Rules of Criminal Procedure states:
> An indictment, presentment or information may be amended in all cases with the consent of the defendant.  If no additional or different offense is thereby charged and no substantial rights of the defendant are thereby prejudiced, the court may permit an amendment without the defendant's consent *before jeopardy attaches.*

Tenn. R. Crim. P. 7(b) (emphasis added).  Subsection (c) of the rule provides that "[u]pon motion of the defendant the court may direct the filing of a bill of particulars so as to adequately identify the offense charged."  While Federal Rule of Criminal Procedure 7(f) provides that a bill of particulars may be amended "subject to such conditions as justice requires," the Tennessee Rules are silent on how or when a bill of particulars may be amended.

The defendant argues, however, that because a bill of particulars serves to narrow the allegations in an indictment, "it follows that the Bill of Particulars can be amended only in the same manner as an indictment."  As support, he cites Rule 57(b) of the Tennessee Rules of Criminal Procedure, which states that if no procedure is specifically prescribed in the rules, the trial court "may proceed in any lawful manner not inconsistent with these rules or with any applicable statute."  The defendant further cites Rule 47 of the Rules of Criminal Procedure, which provides in pertinent part that "[a]n application to the court for an order shall be by motion," and Rule 36(a) of the Rules of Appellate Procedure, which provides that "[n]othing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error," to argue that the State's failure to file a motion seeking the trial court's permission to "supercede" the original bill of particulars results in a waiver of the issue on appeal.

In our view, the defendant's waiver argument relies on an overly broad reading of the rules.  Given that there is no clearly defined procedure for amending or substituting a bill of particulars, we cannot conclude that the fact the State did not first file a motion "for an order" from the trial court for permission to supercede the bill of particulars equates to the State's being "responsible for the error," resulting in the issues being waived on appeal.  We conclude, therefore, that the issues with respect to the superceding bill of particulars have not been waived.

# II.  State's Allegedly Taking Different Position on Appeal

The defendant next cites State v. Adkisson, 899 S.W.2d 626, 635-36 (Tenn. Crim. App. 1994), to argue that the State should be prohibited from taking a different position on appeal than it took in the trial court with respect  to whether there will be a variance between the proof at trial

and the allegations contained in the original bill of particulars.  In <u>Adkisson</u>, this court observed that "a party may not take one position regarding an issue in the trial court, change his strategy or position in mid-stream, and advocate a different ground or reason in this Court.'" <u>Id.</u> at 635-36 (quoting <u>State v. Dobbins</u>, 754 S.W.2d 637, 641 (Tenn. Crim. App. 1988)).  The defendant asserts that while in the trial court the prosecutor stated that the original bill of particulars would create a variance, on appeal the assistant attorney general "takes the position there was not a variance."

We respectfully disagree with the defendant's characterization of the respective positions of the prosecutor and the assistant attorney general.  While the record shows that the prosecutor at times argued to the trial court that the original bill of particulars would create a variance, it also reveals that he alternately referred to a potential variance problem, which would exist only if the defendant put on proof that the victim had arrived at the day care center prior to the time alleged in the original bill of particulars.   Likewise, the assistant district attorney also referred to the *potential* variance that would be created should the case proceed to trial on the original bill of particulars.  The State has not, therefore, adopted a markedly different strategy or position from the one it advocated in the trial court.

### III.  Disqualification of District Attorney's Office

The defendant next contends that the Knox County District Attorney General's Office should be disqualified because its attorneys will become material witnesses at trial if the presentment is not dismissed.  He asserts that the State's request for notice of alibi and 1999 original bill of particulars, in which the offense was alleged to have occurred between 3:20 and 5:29 p.m. on March 10, 1999, constitute admissions of a party opponent, admissible under Tennessee Rule of Evidence 803(1.2). Specifically, the defendant argues: "While normally the Bill of Particulars is a part of the indictment and only limits the charge in the indictment, where there are different changing Bill of particulars [sic], the Bill of Particulars become admissions and are admissible as evidence against the State under Rule 803 1.2."  According to the defendant's argument, the assistant district attorneys who signed the respective bills of particulars will therefore become material witnesses at trial and, thus, should be disqualified, along with the entire Knox County District Attorney General's Office, pursuant to Rule 3.7 of the Rules of Professional Conduct.  <u>See</u> Tenn. Sup. Ct. R. 8, RPC 3.7. Again, we respectfully disagree.

The defendant cites no specific authority for his position; and  the civil cases upon which he relies as general authority are inapposite to the present appeal.  For instance, the defendant cites <u>John P. Saad & Sons, Inc. v. Nashville Thermal Transfer Corp.</u>, 642 S.W.2d 151 (Tenn. Ct. App. 1982), in support of his assertion that "[a] Bill of Particulars is a pleading that is an admission of the State." In that breach of contract suit, the Court of Appeals ruled that the trial court erred in dismissing the plaintiff's case on the basis that the plaintiff's interest in the contract had not been proven.  In reaching this conclusion, the Court of Appeals relied on the fact that the defendant had, in its answer to the complaint, admitted the plaintiff's allegation that the parties had entered into a contract.  "If a fact alleged in a pleading is admitted *in the pleading of the adversary*, then that fact ceases to be an issue in the case and there is no need to prepare or hear evidence on the subject."  <u>Id.</u> at 152.

(emphasis added). Here, the State's request for notice of alibi and original bill of particulars set out its allegations as to when the offense took place but are not, as in the civil cases cited by the defendant, its admissions as to the accuracy of allegations of fact made by the defendant.

## IV. Dismissal of the Presentment

We turn now to a consideration of the core issue in the case: whether the trial court erred in dismissing the presentment. Tennessee Rule of Criminal Procedure 12(b)(2) "implicitly allows the trial court to dismiss a defective indictment when a motion is made prior to trial." State v. Harris, 33 S.W.3d 767, 771 (Tenn. 2000). Dismissal also is explicitly allowed under Tennessee Rule of Criminal Procedure 48(b) when there has been inordinate delay in bringing a case to trial. "[G]rounds justifying dismissal of an indictment include the lack of jurisdiction, inordinate delay in instituting the charge or trial, the unconstitutionality of a statute, or violation of double jeopardy." State v. Haddon, 109 S.W.3d 382, 386 (Tenn. Crim. App. 2002) (citing 9 David Raybin, Tennessee Criminal Practice and Procedure §§ 16.1-16.133 (1984)). "The decision whether to dismiss an indictment lies within the discretion of the trial court." Harris, 33 S.W.3d at 769 (citing State v. Benn, 713 S.W.2d 308, 311 (Tenn. 1986)).

In dismissing the presentment, the trial court accepted the defendant's argument that jeopardy had attached upon the swearing of the jury at the first trial and had continued after the mistrial was declared, thus preventing his being reindicted; that Rule 7(b) of the Tennessee Rules of Appellate Procedure, governing the amendment of the presentment, prevented the State from amending the bill of particulars without the defendant's consent; and that by filing the superceding bill of particulars the State essentially was acknowledging that the time frame in the original bill of particulars was inadequate to define the charge.

We begin our analysis by reviewing the purpose of the presentment and the bill of particulars. Pursuant to both the United States and Tennessee Constitutions, a criminal defendant has the right to know "the nature and cause of the accusation" against him, U.S. Const. amend. VI, Tenn. Const. art. I, § 9; and the overriding purpose of a presentment is, of course, to provide notice to the accused of the charges he will be called to defend. "[A]n indictment or presentment must provide a defendant with notice of the offense charged, provide the court with an adequate ground upon which a proper judgment may be entered, and provide the defendant with protection against double jeopardy." Byrd, 820 S.W.2d at 741 (citations omitted). The purpose of a bill of particulars, as stated by our supreme court

> is to provide information about the details of the charge when necessary for a defendant to prepare his or her defense, to avoid prejudicial surprise at trial, and to enable the defendant to preserve a plea of double jeopardy. Information that may be required in the bill of particulars includes, but is not limited to, details as to the nature, time, date, or location of the offense.

State v. Speck, 944 S.W.2d 598, 600 (Tenn. 1997) (citation omitted).

As we have previously noted, Tennessee Rule of Criminal Procedure 7(c) provides that "the court may direct the filing of a bill of particulars so as to adequately identify the offense charged[,]" but is silent on whether or how a bill of particulars may be amended. In the absence of a clearly defined procedure in the Tennessee Rules of Criminal Procedure, we must, therefore, look to cases from other jurisdictions to determine how they deal with requests to amend a bill of particulars. See State v. Hicks, 666 S.W.2d 54, 55 (Tenn. 1984) (noting that our rule "closely parallels Rule 7(f) of the Federal Rules of Criminal Procedure" and that we therefore may seek guidance from federal courts in interpreting our similar rule).

First, we agree with the trial court that a bill of particulars in Tennessee may be amended only by leave of the trial court. Given that Tennessee Rule of Criminal Procedure 7(c) specifically provides for the trial court to "direct" the State to file a bill of particulars "[u]pon motion of the defendant," it would be unreasonable for the State to then be allowed to *sua sponte* substitute or amend the original bill of particulars without first seeking permission of the trial court. Federal Rule of Criminal Procedure 7(f), which includes language that is identical to that of Tennessee Rule of Criminal Procedure 7(c), contains the additional language that the "government may amend a bill of particulars subject to such conditions as justice requires." Under this rule, the federal courts have allowed amendments to a bill of particulars as long as the defendant is not prejudiced in his defense by the amendment. See United States v. Johnson, 575 F.2d 1347, 1357 (5th Cir. 1978) (concluding that although the defendant argued he had "thoroughly investigated" the earlier date and cross-examined a witness based upon it, the trial court did not err in allowing the government, on the day of the trial, to amend the bill of particulars to identify the date of a violation as January 10, 1972, instead of January 10, 1971); United States v. Perez, 489 F.2d 93, 95 (5th Cir. 1974) (finding that trial court did not abuse its discretion in a prosecution for violation of the income tax laws by allowing the government to amend the bill of particulars, after the trial had begun, "by increasing the amount of income it intended to prove"); Mitchell v. United States, 404 F.2d 609, 609 (5th Cir. 1968) (concluding that trial court did not abuse its discretion, in a Dyer Act prosecution, by allowing the government to amend the bill of particulars, at the close of its proof, to set out a different license number for the vehicle than that earlier provided to the defendant, in order to make the bill of particulars conform to the proof); O'Malley v. United States, 378 F.2d 401, 405 (1st Cir. 1967) (finding that trial court did not abuse its discretion by allowing the bill of particulars to be amended during the trial as to the dates of conversion of funds).

Based on these authorities, we respectfully disagree with the trial court's determination that dismissal of the presentment was the appropriate remedy. As we understand it, the dismissal of the presentment was based on the State's acknowledgment that the proof at trial could show that the victim arrived at the day care approximately thirty-five minutes prior to the time listed in the bill of particulars, combined with the trial court's ruling that the bill of particulars could not be amended. The trial court found that the amended or superceded bill of particulars "broadens what [defense counsel] must defend against and broadens the notice to the defendant, and it's the notice to the defendant that's the issue." However, it is clear from the record that there was no question of defense counsel's having been surprised by the time discrepancy created by the snack sheet records, and "prejudice," as utilized in the federal cases which we have discussed, does not occur simply

because a defendant loses an advantage earlier gained from a prosecution mistake. In fact, the appropriate action when there is a variance between information in a bill of particulars and the trial evidence is not automatic dismissal of the charge but the determination as to whether the variance is both material and prejudicial. State v. Shropshire, 45 S.W.3d 64, 71 (Tenn. Crim. App. 2000) (citing State v. Moss, 662 S.W.2d 590, 592 (Tenn. 1984); State v. Ealey, 959 S.W.2d 605, 609 (Tenn. Crim. App. 1997)).

Accordingly, we conclude that the trial court erred both in concluding that the bill of particulars could not be amended without the defendant's consent and by dismissing the presentment for failure to file a meaningful bill of particulars. We, therefore, reinstate the presentment and remand this matter to the trial court. On remand, the trial court shall, in its discretion, consider whether and to what extent the State may amend the bill of particulars to more accurately conform to the proof it intends to present at trial.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we reverse the dismissal of the presentment and remand to the trial court for further proceedings consistent with this opinion.

_____
ALAN E. GLENN, JUDGE